Doyle DAUGHTREY, Karl A. Kauffman and Bright and Clean, Inc., Appellants,

v.

SUPER SPRAY, INC., and Car Wash Systems of Texas, Inc., Appellees.

No. 2–87–022–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1987.

Allen & Knuths, Robert F. Henderson, Dallas, for appellants.

Hill, Heard, Oneal, Gilstrap & Goetz, Michael Rossetti, Arlington, for appellees.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal by Doyle Daughtrey, Karl A. Kauffman and Bright and Clean, Inc., defendants in the trial court, from a judgment granting injunctive relief and awarding plaintiffs, Super Spray, Inc., and Car Wash Systems of Texas, Inc., $5,072.75 in damages. This suit arose out of the alleged wrongful use of a trade secret, i.e. customers' name list and routes. Although appellants raise twenty-two points of error, we find it necessary at this time only to address appellants' point of error twenty-two which alleges the trial court erred in failing to make findings of fact and conclusions of law.

■ Upon submission of the cause it appearing to the court that, although timely and properly requested by appellants in full compliance with TEX.R.CIV.P. 296 and 297, the trial court has failed to prepare and file its findings of fact and conclusions of law. It is accordingly ordered the case be abated for the preparation and filing with this court the trial court's finding.

■ The final judgment was signed on November 7, 1986, and appellants in accordance with the ten days requirement of TEX.R.CIV.P. 296 filed a request for findings of fact and conclusions of law with the District Clerk on November 17, 1986. However, appellants' request was not presented to the judge until November 18, 1986. Appellees cite two cases, i.e. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); and *Wade v. Anderson*, 602 S.W.2d 347, 348 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.) to support their contention that a request for findings and conclusions must not only be filed within ten days of the judgment being signed but must also be presented to the judge within the ten days. These cases are distinguishable from the present case. In the cases appellees cite there was nothing in the record to show that the request was ever presented to the trial judge nor did it reflect anything more than a request being filed. *Id.* Accordingly, the court held merely filing the request under TEX.R.CIV.P. 296 with the clerk was insufficient, *Id.*

In the case at bar, the record clearly indicates appellants' request was presented to the judge, who signed it as received by the court on November 18, 1986. Appellants also enclosed with their request for findings of fact and conclusions of law a letter requesting the clerk to present the document to the judge for his acknowledgement of receipt. We feel appellants have done more than "merely filing" the request and that appellants have substantially complied with TEX.R.CIV.P. 296.

■ Next, appellees contend that the appellants failed to call the failure of the trial court to file such findings to the judge's attention within five days after the judge should have filed his findings of fact and conclusions of law. We do not agree with appellees' contention. Since the final judgment was signed on November 7, 1986, the trial judge had until December 7, 1986, to file his findings of fact and conclusions of law. *See* TEX.R.CIV.P. 297. However, December 7, 1986, fell on a Sunday. In applying TEX.R.CIV.P. 4, the trial judge would have until the end of the next day which is neither a Saturday or Sunday nor a legal holiday to file his findings; this day would have been Monday December 8, 1986. Thus, appellants had five days after December 8, 1986, to file their reminder to the clerk of the trial court. Again, when applying TEX.R.CIV.P. 4 this date would have fallen on Monday, December 15, 1986. The record reflects that appellants timely filed their reminder with the clerk on December 12, 1986, and it was timely presented to the judge on December 15, 1986.

The record reflects that appellant timely requested the trial court to file findings of fact and conclusions of law and properly called to the attention of the trial judge his failure to file the same. We recognize that the failure of the trial court to file findings of fact and conclusions of law when properly requested constitutes reversible error, unless the record before the appellate court affirmatively reflects that the complaining party has suffered no injury. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 119 (1944).

We conclude that instead of reversing the judgment, the proper order is one directing the trial court to file its findings of fact and conclusions of law in accordance with TEX.R.CIV.P. 297. *See, Fine v. Scott*, 592 S.W.2d 56, 58 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.); *McShan v. Pitts*, 538 S.W.2d 266 (Tex.Civ.App.—San Antonio 1976, no writ). The trial court is directed to file his original findings of fact and conclusions of law with the District Clerk no later than November 10, 1987. Upon the preparation by the trial court of its findings of fact and conclusions of law, such shall be transmitted to our court by means of supplemental transcript. When the supplemental transcript is filed in this court, the parties respectively will be provided with a new briefing schedule and the cause will be reset for submission.

The case is abated to the trial court.