Edward M. COOKE and Edward Dutko, Appellants,

v.

Don L. DYKSTRA, Appellee.

No. B14–89–00932–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 25, 1990.

Marvin L. Rader, League City, for appellants.

S. Elwood York, Jr., Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is a breach of agreement case. It arises from a limited partnership agreement entered into by Edward M. Cooke and Edward Dutko as limited partners and Don L. Dykstra as general partner. In nine points of error, appellants claim the evidence did not support the trial court's judgment, the damages were excessive, and the trial judge improperly admitted certain evidence. We modify the judgment to remit a portion of the damages and delete the attorney's fee award. As modified, we affirm.

Appellants and appellee entered into a limited partnership agreement in which appellants were the limited partners and appellee was the general partner. The parties formed the partnership for the purpose of exporting goods. As their contribution to the partnership, appellants executed guaranty agreements to American Trade Company ("the partnership") in the amount of $25,000 each.

During the partnership, appellee accessed the $50,000 line of credit, secured by the two $25,000 guarantee agreements, as funds were needed in the partnership account. In January, 1982, appellee attempted to access the line of credit and was denied access. Around the same time, appellants attempted to terminate the partnership. Appellee then sued for breach of the partnership agreement. The only issues submitted to the jury were for breach of the limited partnership agreement. The jury returned a verdict in favor of appellee in the amount of $120,000 in damages and $30,000 in attorney's fees.

In their fifth point of error, appellants claim the trial court erred in allowing appellee's attorney to testify to attorney's fees because the attorney was not properly disclosed as an expert witness. One of appellants' requests for admission asked if there were any expert witnesses who would testify at trial. Appellee replied, "Do not know." Appellee did not later supplement the answers, nor did he designate expert witnesses in any other manner. When appellee's attorney attempted to testify to his fees, appellants objected, claiming the trial court should disallow the testimony because appellee did not designate his attorney as an expert.

■ Rule 166b(5) of the Texas Rules of Civil Procedure placed a duty on appellee to supplement his answers to the requests for admission and inform appellants that he intended to call his attorney, as an expert, to testify concerning attorney's fees.

■ Under Texas Rule of Civil Procedure 215(5), failure to supplement results in the loss of the opportunity to offer the witness's testimony. The sanction is automatic. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986). The exception is when the party offering the testimony shows good cause why the testimony should be allowed despite the discovery sanction. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex.1990). The party offering the testimony bears the burden to show good cause to the trial court. *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 646 (Tex.1989). Because appellee made no such showing, the testimony of his attorney was inadmissible. Under these circumstances, there was no admissible evidence on attorney's fees. *See E.F. Hutton & Co., Inc. v. Youngblood*, 741 S.W.2d 363 (Tex.1987). We sustain point of error five.

■ In their first point of error, appellants claim the trial court should have entered a take nothing judgment in their favor because appellee did not establish liabil-

ity or damages as a result of appellants' alleged breach of the limited partnership agreement. Appellants allege they are not liable to the general partner because they made no contribution to the limited partnership.

■ Appellants executed guaranty agreements to First City Bank Clear Lake, guaranteeing a $50,000 line of credit for American Trade Co. A guaranty is a promise of one person to perform an act of the same content and kind as another is contractually bound to perform. *Coleman Furniture Corp. v. Lieurance,* 405 S.W.2d 646, 647 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e). The partnership had at its disposal $50,000 in cash guaranteed by appellants. The Uniform Limited Partnership Act provides that contributions of a limited partner may be cash or other property. Tex.Rev.Civ.Stat.Ann. art. 6132a § 5 (Vernon 1964). The limited partnership agreement states that the cash contribution of the limited partners was not determined at the time the agreement was signed. The only evidence in the record of the limited partners' contribution is the guaranty agreements executed by appellants. By guaranteeing a $25,000 line of credit for the partnership, each appellant contributed or agreed to contribute, $25,000 to the limited partnership.

The partnership agreement states that appellants are liable as limited partners for the amount of the actual capital contribution made or agreed to make to the partnership. The guaranty agreements state the guarantor's liability is limited to $25,-000. In his pleadings, appellee claimed appellants had taken deductions in the original line of credit and that the total amount due on the credit line totalled less than $25,000. However, appellants submitted no issue on their counterclaim; therefore, they have waived their claim to any offset. Each appellant is liable to the limited partnership for $25,000. We overrule point of error one.

■ In their ninth point of error, appellants claim the jury verdict of $120,000 was excessive and the trial court should have reduced the judgment. Appellants argue the verdict is excessive because it reflects an amount larger than their contributions to the limited partnership. Section 9.01 of the limited partnership agreement reads:

The liability of the General Partner arising from carrying on the business affairs or operations of the Partnership or for the debts of the Partnership is unrestricted. The liability of the Limited Partners with regard to the Partnership in all respects is restricted and limited to the amount of the actual capital contributions that they make or agree to make to the Partnership.

The partnership agreement limits appellants' liability to the amount of their contributions. Each limited partner contributed $25,000 in the way of a guaranty agreement on a line of credit at First City National Bank Clear Lake; therefore, the liability of each appellant is limited to $25,-000. We hold the $120,000 damage award to be excessive. We sustain point of error nine and remit the award to the maximum liability of $25,000 for each appellant.

■ In their second point of error, appellants claim the trial court erred in overruling appellants' request for definitions and instructions to be included in the trial court's charge. Appellants requested two instructions that defined a limited partnership. They further requested an instruction on fiduciary duty and an instruction stating that neither Cooke, nor Dutko had any obligation to execute an extension to the original $50,000 line of credit.

To determine whether an alleged error in the jury charge is reversible, we must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. *See Island Rec. Dev. v. Republic of Texas Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986). We will find reversible error only if, when viewed in the light of the totality of the circumstances, the error, if any, amounted to such a denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 81(b)(1).

Appellants first requested the following definitions of a limited partnership:

A limited partnership is a separate legal entity which has its own identity. It may contract, borrow money, engage in business, sue or be sued, or do any act which a person could do. It acts through its general partners, in this case, Don L. Dykstra. It can own property and can maintain bank deposit, which deposits do not belong to the general partner, but rather to the partnership itself.

You are instructed that a limited partnership is one wherein the limited partners have no liability nor obligation for any debts incurred by the partnership. The general partner is fully and completely responsible for any and all indebtedness incurred by the limited partnership, including trade accounts incurred by the limited partnership.

The definition given by the court reads as follows:

A "limited partnership" is a partnership formed by two or more persons under the Texas Uniform Limited Partnership Act, which has one or more general partners and one or more limited partners. A limited partnership is formed by filing with the Secretary of State of the State of Texas, a sworn certificate stating the name of the partnership, the character and location of its business, the name and place of residence of each member (both general and limited) and the term for which such limited partnership is to exist.

Definitions of terms used in the charge are proper when they would aid the jurors in their deliberations. *Texas Employers' Ins. Ass'n v. Hamor*, 97 S.W.2d 1041 (Tex. Civ.App.—Amarillo 1936, no writ). The sufficiency of a particular definition is a matter of discretion for the trial court. *Buchanan v. American Nat'l Ins. Co.*, 446 S.W.2d 384, 387 (Tex.Civ.App.—El Paso 1969, writ ref'd n.r.e). We conclude the trial court did not abuse its discretion in *refusing* appellants' proposed definition. Appellants' definition states facts that are contrary to the partnership agreement.

The trial court's definition was sufficient to aid the jurors in their deliberations.

■ Appellants next complain of the trial court's failure to include the following instruction in the charge:

You are instructed that Don L. Dykstra, as managing general partner, owes a fiduciary duty to the limited partners, Edward Cooke and Edward Dutko. The fiduciary duty includes the duty to segregate partnership funds and accounts from personal funds and accounts, the duty to account to and apprise the limited partners of the financial status of the partnership in a truthful manner, the duty to manage the partnership as a reasonably prudent manager would manage such partnership, the duty to prevent waste to partnership assets, and the duty to deal fairly with the partners and to comply with the terms of the limited partnership. The payment of personal debts and expenses as opposed to partnership business expenses from partnership accounts and funds constitutes a breach of that fiduciary duty.

An explanatory instruction, under Tex.R. Civ.P. 277 may be a statement of a rule of law that the jury must understand to intelligently answer the special issues submitted. However, it should not be expressed in terms that could be construed as a comment on the evidence. In this case, the trial court did not submit an issue on breach of fiduciary duty. Therefore, no instruction on fiduciary duty was necessary in the charge. The court did not err in refusing appellants' request for an instruction on fiduciary duty.

■ The final instruction appellants requested the trial court to include in the charge reads:

Neither Ed Cooke nor Ed Dutko had any obligation to execute an extension to the original $50,000.00 line of credit nor to advance funds to the limited partnership for its continued cooperation. A limited partner's contribution is limited to his original contribution as agreed to in the limited partnership agreement.

■ In determining how to frame the instruction to the jury, the trial court has almost complete discretion, as long as the instruction is unambiguous and confines the jury to the pleadings and the evidence. *See Haas Drilling Co. v. First National Bank in Dallas*, 456 S.W.2d 886, 889 (Tex. 1970). Appellants claim the instruction on the limited partners' contribution would aid the jury in their deliberations because the agreement stated the limited partners made no contributions. To the contrary, each limited partner contributed or agreed to contribute $25,000. The agreement merely stated, "The cash contribution of the Limited Partners is not determinable at this time." The fact that appellants could or could not extend their guaranty agreements is not a fact that would have aided the jurors in their deliberations. Therefore, the trial court did not abuse its discretion in refusing the instruction. We overrule point of error two.

■ In their third point of error, appellants claim the trial court erred in submitting questions one, two, and five to the jury. Appellants claim the evidence did not support the submission of those questions. With regard to legal insufficiency points, we will consider only the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable inferences that may properly be drawn therefrom and disregarding all conflicting evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

Question one asked the jury to find whether appellants had breached the limited partnership agreement in such a manner that resulted in damages to appellee. At trial, appellee testified that appellants executed guaranty agreements in favor of the limited partnership for the purpose of sufficiently funding the partnership. In January, 1982, appellee tried to access the account that appellants had guaranteed and discovered that his access to the account had been cancelled. Further, appellants attempted to terminate the partnership without ninety days' written notice as required by the limited partnership agreement. We find this is some evidence that appellants breached the agreement.

Question two asked the jury to find what sum of money would fairly and reasonably compensate appellee for breach of the partnership agreement. The jury answered $120,000. Although we have found that the jury's answer to question two was excessive, we find sufficient evidence in the record to support the submission of the issue. Appellee testified he lost his monthly salary after appellants wrongfully terminated the partnership. That is some evidence that appellee suffered damages.

Question five asked the jury what sum of money would be a reasonable attorney's fee for appellee's attorney. As we have discussed earlier, there was no admissible evidence of attorney's fees to support the submission of question five. Therefore, we sustain point of error three with regard to question five and overrule it with regard to questions one and two.

■ In their fourth point of error, appellants claim the trial court erred in allowing appellee to file a response to appellants' request for admissions after appellee had rested. Before trial, appellants served requests for admissions on appellee. Appellee timely answered the request, but did not *file* his answers with the court. The trial court admitted the answers into evidence. Appellants now claim the requests were not properly answered and the request for admissions should be deemed admitted. Texas Rule of Civil Procedure 169 states:

> The matter is admitted without necessity of a court order unless, within thirty days after service of the request, or within such time as the court may allow, or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]

Appellants' attorney admitted that appellee properly answered the requests and timely served them on the opposing counsel; appellants only objection was that appellee did not file the answers with the

court. Because rule 169 does not require the answers to be filed with the court to prevent them from being deemed admitted, the trial court acted properly in admitting the answers into evidence. We overrule point of error four.

In their sixth point of error, appellants claim the trial court erred in not instructing the jury to disregard comments made by appellee referring to the wealth of appellants. During his testimony, appellee stated, "Well, Mr. Dutko and Mr. Cooke are very wealthy people because they put —" The court interrupted and there was no further mention of their wealth. Appellants' attorney asked the court to instruct the jury to disregard appellee's remark, but the court denied his request.

Testimony concerning the wealth or poverty of a party is ordinarily inadmissible in a civil case. *Block v. Waters,* 564 S.W.2d 113, 115 (Tex.Civ.App.—Beaumont 1978, no writ). The erroneous admission of such evidence does not constitute a ground for reversal if the adverse party is not prejudiced by the evidence. *Minchen v. Rogers,* 596 S.W.2d 179, 182 (Tex.Civ.App. —Houston [1st Dist.] 1980, no writ). In this case, the trial judge quickly interrupted appellee before he could continue his statement about the wealth of appellants. Further, the trial court's admonishment to appellee was sufficient to inform the jury that the statement about the wealth of appellants was improper and should not be considered. We conclude appellants were not prejudiced by the trial court's failure to instruct the jury to disregard appellee's remark. We overrule point of error six.

In their seventh point of error, appellants claim the trial court erred in admitting a memo from a bank because the memo contained hearsay. At trial, appellee introduced into evidence a document from First City Bank Clear Lake that stated Cooke was to be notified if any advances were made from the line of credit. When appellee introduced the document, appellants objected and claimed the document was hearsay. Appellee's attorney responded:

Your Honor, I am trying to offer that document to show that he received information from the bank concerning his account and the information that he received from his bank concerning his account showed that he no longer had access as a general partner to that account based upon the conduct of his two limited partners and that is the only purpose for which I'm offering that document.

The court allowed the document into evidence stating:

I'm accepting it as evidence for the offer—for the purpose of which he offered it, which was to show that in his mind he had been stopped from having access to his bank account.

The court did not err in admitting the document for the limited purpose of showing that appellee believed he did not have access to the line of credit. For that purpose, the document was not hearsay. Under Texas Rule of Civil Evidence 801, an out-of-court statement is not hearsay if it has relevancy apart from the truth of the matter that it asserts or implies. If the making of the statement is in itself relevant, evidence that the statement was made is not barred by the hearsay rule. *See, e.g. Irving Lumber Co. v. Alltex Mortgage Co.,* 446 S.W.2d 64, 71 (Tex.Civ.App.— Dallas 1969) *aff'd,* 468 S.W.2d 341 (Tex. 1971). In this case, the trial court admitted the document from the bank for the limited purpose of showing that appellee relied on the statement in the document in his belief that he did not have access to the line of credit. For that purpose, the document was admissible. We overrule point of error seven.

In point of error eight, appellants claim the trial court erred in admitting items of evidence that were inadmissible and prejudicial. Appellants first complain that appellee's testimony with regard to damages was irrelevant. Appellants objected to the following testimony:

Q [By appellee's attorney] Mr. Dykstra, has your business—has American Trade Company, Inc. suffered a loss due to the conduct of Mr. Dutko and Cooke based on your experience as a general partner?

MR. RADER: (appellants' attorney) Objection. Characterization by Counsel, form of the question, Your Honor.

THE COURT: Overruled. The Jury is here to give it whatever weight they want. Then it's his opinion.

\* \* \* \* \* \*

A  It has

\* \* \* \* \* \*

Q  [By appellee's attorney] Can you tell me how much it has lost?

MR. RADER: Objection. Conjecture. No proper predicate.

THE COURT: Overruled. It's his opinion.

As authority for his proposition that appellee's testimony concerning damages is inadmissible, appellants cite us to the case of *Braselton–Watson Builders Inc. v. C.B. Burgess*, 567 S.W.2d 24, 29 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). We find, in that case, the following statement concerning relevant evidence:

> As a general rule for evidence to be considered relevant there must be some logical connection either directly or by inference between the proffered evidence and the ultimate fact to be proved.

We can find no more logical connection between the evidence proffered to prove damages, and the ultimate fact to be proved, than evidence of what loss the plaintiff suffered as a result of the defendants' actions. We conclude that appellee's testimony was relevant.

■ Appellants next complain that appellee testified to, and introduced into evidence of, an outstanding judgment for $60,000. Appellee introduced the judgment into evidence as proof of his loss as a result of appellants' breach. Appellants claim the trial court should have excluded the judgment under Tex.R.Civ.Evid. 403. Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Appellants claim they were prejudiced by the admission of the judgment because the damages found by the jury were exactly double the amount of the judgment. As we discussed earlier in our disposition of point of error nine, the jury's finding of damages was not supported by sufficient evidence. Therefore, because we have found the damages awarded by the jury are incorrect, the harm appellants assert has been removed. The trial court did not abuse its discretion in the admission of the judgment. We overrule point of error eight.

Because we have found the trial court's award of damages is excessive, we suggest to appellee that he file a remittitur of such excess. If such remittitur is filed within thirty days, we will reform the judgment of the trial court and affirm the remainder of the judgment. If the remittitur is not filed within the allotted time period, the judgment shall be reversed. See TEX.R.APP.P. 85(c). We reverse the award of the attorney's fee.