

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00093-CV

JOHN KYLE KRAMER                                                    APPELLANT

V.

WEIR SPM                                                             APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 2012-004629-3

----------

## MEMORANDUM OPINION[1]

----------

In five issues that he consolidates into a single argument, Appellant John Kyle Kramer asks us to reverse the trial court's judgment and remand the case for a new trial based on the trial court's failure to timely file findings of fact and conclusions of law. We affirm.

----

[1]See Tex. R. App. P. 47.4.

After the end of his employment relationship with Appellee Weir SPM, Kramer sued Weir under various theories for failure to pay him a bonus. The trial court granted summary judgment on one of Kramer's theories, held a bench trial on the remaining theories on December 7, 2012, and issued a take-nothing judgment on December 18, 2012. Kramer filed a request for findings of fact and conclusions of law on December 21, 2012. *See* Tex. R. Civ. P. 296 (stating that a request for findings of fact and conclusions of law shall be filed within twenty days after judgment is signed).

On January 11, 2013, Kramer filed a notice of past due findings of fact and conclusions of law. *See* Tex. R. Civ. P. 297 (stating that the trial court shall file its findings and conclusions within twenty days after a timely request is filed and that if it fails to timely file them, the requesting party shall, within thirty days after filing the original request, file a notice of past due findings of fact and conclusions of law; upon filing this notice, the trial court's time for filing findings and conclusions is extended to forty days from the original request's filing date). After filing various other motions that were overruled by operation of law, on March 14, 2013, Kramer filed a notice of appeal on partial record, presenting the same five issues that he now raises on appeal.[2]

---

[2]Although Kramer asks in one of his issues whether the trial court erred by signing the December 18, 2012 final judgment, he does not elaborate on this issue except within the context of whether the case should be reversed and remanded because the findings of fact and conclusions of law were not timely filed. He does not challenge the legal and factual sufficiency of the evidence to

On April 3, 2013, the trial court sent the parties a letter apologizing for its delay in filing findings of fact and conclusions of law, stating that it had presumed the matter would be addressed at the hearing on Kramer's motion for new trial, which had subsequently been cancelled, and stating that it had signed Weir's proposed findings of fact and conclusions of law, which Weir had filed before trial on December 7, 2012.

On April 18, 2013, we abated the appeal and remanded the case to the trial court to determine whether Weir's requested supplemental materials were necessary to the appeal. The clerk's record, which contained the trial court's April 3, 2013 findings of fact and conclusions of law, was filed on May 3, 2013. On May 28, 2013, a first supplemental clerk's record was filed that contained the trial court's finding that our April 18, 2013 order had been obviated by Kramer's having indicated that he had paid for the requested portions of the clerk's record and had withdrawn his request for the partial reporter's record. We reinstated the appeal on June 5, 2013. On July 11, 2013, a second supplemental clerk's record was filed that contained the trial court's April 3, 2013 letter of apology regarding the late-filed findings of fact and conclusions of law.

Kramer did not file a request for additional or amended findings and conclusions, *see* Tex. R. Civ. P. 298, or ask this court to abate the appeal again to allow the trial court to make additional findings and conclusions. The trial

support any of the late-filed findings or the legal correctness of the late-filed conclusions.

3

court's findings and conclusions were included in the record on appeal before Kramer's brief was due, and Kramer did not file a request for a briefing-deadline extension or seek to amend his notice of appeal. *See* Tex. R. App. P. 25.1(g) (stating that an amended notice of appeal to correct a defect or omission may be filed in the appellate court at any time before the appellant's brief is filed and may be filed after filing of the appellant's brief on leave of the appellate court).

The trial court's failure to fulfill its mandatory duty to file findings and conclusions is remedied when the requested findings and conclusions are filed while the case is on appeal. *Morrison v. Cogdell*, No. 02-02-00261-CV, 2003 WL 21476243, at *1 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.); *see also Daughtrey v. Super Spray, Inc.*, 738 S.W.2d 785, 786–87 (Tex. App.—Fort Worth 1987, order) (abating appeal and ordering trial court to file findings and conclusions); *cf. Cherne Indus., Inc v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (stating that the trial court's failure to respond when all requests for findings and conclusions have been properly made is presumed harmful unless the record affirmatively shows that the complaining party has suffered no injury).

When a trial court files belated findings and conclusions, the only issue is whether the appellant was harmed either because he was unable to request additional findings and conclusions or because he was prevented from properly presenting his appeal, not whether the trial court had jurisdiction to make the findings. *In re E.A.C.*, 162 S.W.3d 438, 443–44 (Tex. App.—Dallas 2005, no pet.); *see also Robles v. Robles*, 965 S.W.2d 605, 610 (Tex. App.—Houston [1st

Dist.] 1998, pet. denied) (op. on reh'g) ("Unless they can show injury, litigants have no remedy if a trial court files untimely findings and conclusions."); *cf. Brooks v. Hous. Auth. of City of El Paso*, 926 S.W.2d 316, 321 (Tex. App.—El Paso 1996, no writ) (stating that reversal and remand is proper if the trial court cannot forward findings and conclusions to the appellate court due to loss of the record, problems with memory, passage of time, or other inescapable difficulties).

Because Kramer cannot show that the late-filed findings and conclusions have harmed him in his ability to request additional findings and conclusions or to properly present his appeal, we conclude that the trial court's failure to timely file its findings and conclusions was harmless. *See* Tex. R. App. P. 44.1(a); *Robles*, 965 S.W.2d at 611 (stating that untimely findings and conclusions were harmless when record was supplemented and appellant had leave to file an amended brief and was not prevented from objecting and requesting additional findings and conclusions). Therefore, we overrule Kramer's consolidated issues and affirm the trial court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: August 14, 2014