In the Matter of the Marriage of:
Kenneth R. HAVIS, Appellant,

v.

Pamela L. HAVIS, Appellee.

No. 13–82–276–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 8, 1983.

Rehearing Denied Sept. 22, 1983.

Bill Blackburn, Corpus Christi, for appellant.

Todd A. Hunter, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is a limited appeal by Kenneth R. Havis from a judgment affecting the parent-child relationship. The appeal is limited to those portions of the trial court's "Order Modifying Prior Order" which: 1) disregarded the jury's answer to Special Issue No. 10 and awarded only seventy-five percent of the reasonable and necessary attorney's fees to respondent (appellant), 2) assessed one-half of the court costs against respondent; 3) disregarded the jury's answer to Special Issue No. 6, of $400.00 monthly child support, instead, awarded child support of $250.00 per month; and, 4) awarded attorney's fees in the amount of $3,000.00, subject to remittitur, in the event of no appeal, to Pamela L. Leshin, appellee, against Kenneth R. Havis, appellant. We affirm.

The parties were divorced by a decree dated September 8, 1978. An Order Modifying Prior Order was entered June 25, 1979. The Order Modifying Prior Order, complained of here, was signed on July 1, 1982. Relevant to this appeal are the following special issues submitted to the jury and their answers thereto:

"ISSUE NO. 5

What sum of money do you find from a preponderance of the evidence to be the reasonable value of attorneys fees necessary for the prosecution or defense of this suit by Pamela Leshin before the Court of Appeals in the event that an appeal is taken from the judgment in this case?
Answer in dollars and cents, if any.
Answer: $1500.00

ISSUE NO. 5A

What sum of money do you find from a preponderance of the evidence to be the reasonable value of attorneys fees necessary for the prosecution or defense of this suit by Pamela Leshin before the Texas Supreme Court in the event that an appeal is taken to that Court?
Answer in dollars and cents, if any.
Answer: $1500.00

ISSUE NO. 6

From a preponderance of the evidence, what do you find to be the amount of child support that Pamela Havis Leshin should pay for the support of the child, Andrew Walter Havis?

Answer in dollars and cents, if any.

Answer: $400.00 monthly

ISSUE NO. 10

From a preponderance of the evidence, what percentage of his legal fees should be awarded to Kenneth R. Havis?

Answer: 100%

ISSUE NO. 11

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence is a reasonable amount to reimburse the Managing Conservator, Kenneth R. Havis, for attorneys fees reasonable and necessarily incurred by him in this case in the Texas Supreme Court, in the event that an appeal is taken to that Court?

Answer in dollars and cents, if any.

Answer: $1500.00

ISSUE NO. 12

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence is a reasonable and necessary attorneys fee for the necessary legal services rendered and performed by Bill Blackburn for the benefit of the child in the defense and prosecution of the suit through the end of this trial?

Answer in dollars and cents, if any.

Answer: $13,500.00

ISSUE NO. 13

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence is a reasonable amount to reimburse the Managing Conservator, Kenneth R. Havis, for attorneys fees reasonably and necessariy incurred by him in this case before the Court of Civil Appeals, in the event that an Appeal is taken from the judgment in this case?

Answer in dollars and cents, if any.

Answer: $1500.00

In its Order Modifying Prior Order, the trial court found: 1) "The jury's answer to Special Issue Number 6 regarding the amount of child support is advisory only . . . , the Jury's answer of $400.00 per month to Special Issue Number 6 should be disregarded and child support of $250.00 per month should be ordered to be paid by Pamela L. Leshin for the support of the child"; and, 2) "The Jury's answer to Special Issue Number 10 (that 100% of the legal fees of Kenneth R. Havis should be awarded to him) should be disregarded and judgment entered that he recover 75% of his reasonable and necessary attorney's fees." The trial court ordered the Jury's answers to Special Issue Numbers 6 and 10 "DISREGARDED." Pamela L. Leshin was ordered to make $250.00 monthly child support payments. Kenneth R. Havis was ordered to recover from Pamela L. Leshin $13,125.00 as attorney's fees, less $1,500.00 if an appeal is taken to the Court of Appeals, but not to the Supreme Court of Texas. In the event neither side appeals, Pamela L. Leshin is to be credited with $3,000.00. Pamela L. Leshin was ordered to recover from Kenneth R. Havis $3,000.00 as attorney's fees less $1,500.00 if Kenneth Havis appeals to the Court of Appeals, but appeal is not carried to the Texas Supreme Court. In the event that Kenneth Havis does not appeal the Order of the trial court, "he will be credited with $3,000.00 leaving no recovery for attorney's fees." Court costs were assessed one-half against each party.

 In his first point of error, appellant complains that the trial court erred by disregarding the jury finding that 100% of appellant's attorney's fees should be awarded him and by awarding him only 75% of his attorney's fees. Appellant's second point of error contends the trial court erred in assessing one-half the court costs against appellant. Suits affecting the parent-child relationship are governed by Tex.Fam.Code Ann. § 11.01 et seq. (Vernon 1975). § 11.-18(a) provides that the court may award costs and attorney's fees as in other civil cases. § 11.13(b) provides that the jury verdict is binding on a trial court except as to particular matters. Appellant contends that since findings on attorney's fees is not one of those specified items under § 11.-

13(b), the trial court was bound by the Jury's answer to Special Issue No. 10. We disagree. The trial court is not bound by a jury finding as to attorney's fees under the Texas Family Code. *Killpack v. Killpack,* 616 S.W.2d 434 (Tex.Civ.App.—Ft. Worth 1981, writ ref'd n.r.e.) See *Hollon v. Rethaber,* 643 S.W.2d 783 (Tex.App.—San Antonio 1982, no writ); *Warner v. Warner,* 615 S.W.2d 904 (Tex.Civ.App.—Ft. Worth 1981, no writ); *Casterline v. Burden,* 560 S.W.2d 499 (Tex.Civ.App.—Dallas 1977, no writ). Accordingly, the trial court did not commit reversible error by awarding appellant the amount specified in the judgment. See *Killpack,* supra. The award of costs is also discretionary with the court under the Texas Family Code. *Warner,* supra. See *Brook Mays Organ Co. Inc. v. Sondock,* 551 S.W.2d 160 (Tex.Civ.App.1977, writ ref'd n.r.e.). Under the record before us, we do not find that an equal division of court costs by the trial court is an abuse of discretion. Appellant's first and second points of error are overruled.

 Appellant's third point of error complains that the trial court erred in awarding $250.00 monthly child support payments rather than $400.00 a month payments as found by the jury. § 11.13(b) Tex.Fam.Code Ann., supra, provides that a jury verdict on child support is only advisory. The trial court has wide discretion in fixing the amounts of child support payments. Each case must stand on its own facts and the trial court's order will not be disturbed on appeal absent clear abuse of discretion. *In the Interest of J.M. and G.M.,* 585 S.W.2d 854 (Tex.Civ.App.—San Antonio 1979, no writ); See *Paugh v. Paugh,* 579 S.W.2d 38, (Tex.Civ.App.—Waco 1979, no writ); *Courville v. Courville,* 568 S.W.2d 719 (Tex.Civ.App.—Beaumont 1978, no writ). The trial court was presented evidence on the needs of the child and the parents respective ability to pay. We cannot say that the amount reached by the trial court was abuse of discretion. Appellant's third point of error is overruled.

Appellant, in his final point of error, contends that the trial court erred by awarding appellee attorney's fees in the event of an appeal by appellant. The award of attorney's fees under the Tex. Fam.Code lies in the discretion of the trial court. *Warner,* supra; *Neal v. Neal,* 606 S.W.2d 729 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). A jury finding that the appellee did not act in good faith or in the best interests of the child in the prosecution and defense of this suit is not determinative in the trial court's award of attorney's fees. See *Killpack,* supra; *Warner,* supra. Such a provision in a judgment, while unusual, is not reversible error. *Killpack,* supra, 616 S.W.2d at 437. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.