Ivan **BREKALO**, Appellant,

v.

William L. **BALLARD**, d/b/a Sabine Place California Group, a/k/a Sabine Place Apartments, Appellee.

No. 2–91–125–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 18, 1992.

**784**

John L. Gamboa, Fort Worth, for appellant.

Frank M. Newman, Jr., Newman & Henry, P.C., Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, Ivan Brekalo, appeals from a directed verdict in favor of appellee, William Ballard, which judgment ordered that appellant take nothing in his conversion suit. Appellant, a tenant in an apartment allegedly owned in some capacity by appellee, filed a conversion suit asking the trial court for damages stemming from a sale of appellant's personal property abandoned when appellant left the United States with rent unpaid. We affirm.

Appellant brings two points of error, complaining that the trial court erred in not allowing appellant to call appellee as a fact witness and in not allowing appellant to prove ownership of the apartments by appellant's own investigation. Both points concern appellant's attempt to prove own-

ership of the apartments or some connecting link of appellee to the suit. The standard of review is whether the trial court abused its discretion in making these rulings.

We address appellant's first point of error wherein appellant attacks the trial court's exclusion of appellee as a fact witness. When appellant attempted to call appellee as a witness, appellee objected on the ground that appellee had not been listed by appellant as a person having knowledge of relevant facts in interrogatories propounded to appellant or in any supplement thereto. The record does not reflect the trial court's ruling on such objection. Also, the record does not contain copies of any interrogatories which were served on appellant, or copies of appellant's responses thereto. However, appellant, in his brief to this court, acknowledges that the trial court would not allow appellant to question appellee because appellant had not listed appellee on answers to interrogatories as a party with knowledge of relevant facts.

TEX.R.CIV.P. 215(5) mandates exclusion of trial testimony of any undisclosed person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. See the following cases recently delivered by the Texas Supreme Court: *Smith v. Southwest Feed Yards*, 835 S.W.2d 89 (Tex.1992); *Henry S. Miller Company v. Bynum*, 836 S.W.2d 160 (Tex. 1992) (reh'g pending); and *Rogers v. Stell*, 835 S.W.2d 100 (Tex.1992).

■ Each of the above cited cases involved a situation where a party to a suit was allowed to testify in his or her own behalf, although not disclosed as a person with knowledge of relevant facts in response to interrogatories propounded by the opposing party. In each case the Supreme Court found that "good cause" existed for the admission of the party's own testimony. While the circumstances and the reasoning of the Supreme Court for finding that "good cause" existed varies in each of those cases, we interpret the hold-

ing in each case as supporting a finding of "good cause," so as to permit an undisclosed party to testify in his or her own behalf, when the identity of the party is certain, and when his or her knowledge of relevant facts has been communicated to all other parties, through pleadings by name and responses to other discovery at least thirty days in advance of trial. *See Smith*, 835 S.W.2d at 91.

■ The instant case involves an attempt by a party (plaintiff) to call the opposing party (defendant) whom the plaintiff had not disclosed in his response to the defendant's interrogatories. The holdings in *Smith, Miller,* and *Rogers* do not specifically apply the guidelines for determining "good cause" to the situation before us, i.e., where the appellant was not allowed to call the appellee, the undisclosed opposing party. Nevertheless, for the purpose of addressing appellant's first point of error, we have reviewed appellant's position in light of those cases, and, even when applying the guidelines set forth therein, we find that appellant has not established "good cause" entitling him to call appellee as a witness.

Appellant does not specifically argue that sufficient "good cause" existed in this case to require admission of appellee's testimony as an exception to the mandatory provisions of the rule. He argues, as a reason for not listing appellee as a person with relevant knowledge, that appellee was a party defendant and thus should not have been surprised to be called to testify. Appellant's main contention under this point is best stated by quoting from his brief: "Specifically, the District Court erred because Appellee was a named party and his testimony would not be a surprise to Appellee." We interpret *Smith* to hold that an undisclosed party is not per se removed from the mandatory exclusion provisions of rule 215(5). *Smith*, 835 S.W.2d at 90.

Appellant also argues that appellee could not claim surprise in this case because he "filed numerous documents, answer, pleadings and discovery pleadings" as a defen-

dant in the case; that appellee had discovery accomplished in his name by his agent; that appellee filed denials of ownership and partnership arrangement, and other defensive pleadings; and that appellee filed a motion for summary judgment. Of these documents to which appellant has made reference, only appellee's original answer, his first amended original answer, and his motion for summary judgment appear in the record. The record does not contain copies of any interrogatories or other discovery documents served on appellee or any responses by appellee to the same. Neither is there any deposition testimony of appellee in the record. It is clear that the *Smith* court had the luxury of considering the entire response to the interrogatories in that case, not just an incomplete reply to a single query, in determining whether the excluded fact witness demonstrated his personal knowledge of facts relevant to that lawsuit. *Smith*, 835 S.W.2d at 90–91. The instant case provides no such opportunity.

We have reviewed the documents to which appellant makes reference, to the extent they appear in the record, and find nothing therein to demonstrate that appellee had personal knowledge of relevant facts. These unverified pleadings, at best, indicate a potential awareness by appellee of facts bearing on the merits of a defense in this case. However, the Supreme Court tells us in *Smith* that this potential awareness alone is not decisive. *Smith*, 835 S.W.2d at 90. We hold that the trial court did not abuse its discretion in excluding appellee as a fact witness in this case. Appellant's first point of error is overruled.

■ Under appellant's second point of error, he complains of trial court error in not allowing appellant to testify concerning who owned the apartments from which appellant's personal effects were taken and sold. The trial court sustained appellee's hearsay objection when appellant, who was testifying in his own behalf, stated that he was told appellee was the owner. Appellant's counsel then attempted to rephrase the question to avoid what someone told

**786**

appellant and elicit appellant's answer so as to make it a result of appellant's own investigation concerning whether appellee was the owner of the apartments. After appellee objected to this rephrase as an attempt to get around his prior hearsay objection, the trial court instructed the jury not to consider the answer until the trial court heard the voir dire or cross-examination. On cross-examination, appellant admitted that the sole source of his knowledge of the ownership of the apartments was acquired from statements made to him by third parties. The trial court sustained appellee's hearsay objection to appellant's testimony offered to show ownership.

Appellant's cited cases for support on appeal do not deal with any hearsay issues, which is precisely why the trial court excluded appellant's testimony concerning ownership. Appellant's testimony concerning ownership of the apartments that he was trying to introduce into evidence was clearly hearsay. TEX.R.CIV.EVID. 801 et seq. No exception to hearsay nor any case law was presented to the trial court or to us on appeal that would justify admissibility of appellant's proposed testimony. We hold that the trial court did not abuse its discretion in excluding appellant's testimony concerning the same. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.