James Ellis VARNER, Appellant,

v.

Peggy Lee (Varner) HOWE, Appellee.

No. 08–92–00193–CV.

Court of Appeals of Texas, El Paso.

May 5, 1993.

Opinion Overruling Motion for Rehearing June 23, 1993.

Paul Shunatona, Dallas, for appellant.

James B. Martin, Dallas, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, District Judge.

In the trial of a motion to modify in a suit affecting the parent-child relationship, the jury found that an adult child of the parties had a disability requiring continued financial assistance beyond the child's eighteenth birthday. Based on the jury verdict, a modi-

fication order was entered requiring the father to pay $375 per month for an indefinite period for the support of the child. The father brings this appeal assigning seven points of error to various rulings of the trial court. We reverse and remand.

## FACTUAL BACKGROUND

The marriage of James E. Varner (Varner) and Peggy Lee Varner Howe (Howe) ended in divorce on November 8, 1977. In the decree, Howe was appointed managing conservator and Varner possessory conservator of their four-year-old minor child, Jason Wade Varner (Jason). Varner was ordered to pay $100 per month child support and in addition, to pay up to $225 per month for special schooling.[1] When Jason no longer required special schooling, the child support was to increase to $150 per month. In early 1991, Howe filed a motion to modify, seeking an order to require Varner to continue payments for the support of Jason after he reached his eighteenth birthday on the grounds that because of a mental disability, he required substantial care and supervision and was not capable of self-support.

The motion came on for trial to a jury in November 1991. At the conclusion of the evidence, the jury found in answer to the questions submitted to it that Jason required "substantial care and personal supervision because of a mental or physical disability and will not be able to support himself" which disability was known to exist before he reached his eighteenth birthday. The jury also found that Varner should pay child support of $375 per month and that a reasonable attorney's fee for Howe's attorney was $15,750 through the trial of the case. The jury then found that Varner should pay $7,876 on that fee. In his seven points of error, Varner contends that the trial court erred by its rulings permitting certain persons to testify who either had not been identified or properly identified as witnesses under the discovery rules (points one through four), by submitting the issue of child support guidelines to the jury (point five), by awarding court costs to Howe (point six) and by awarding attor-

---

1. Jason suffers from cerebral palsy.

ney's fees to Howe in the event of an appeal (point seven).

### DUTY TO SUPPLEMENT

■ In his Point of Error No. One, Varner asserts reversible error by the trial court in permitting an expert witness called by Howe to testify over his objection that the witness had not been properly identified as such, either in her response to interrogatories or by supplementation.

Varner served interrogatories on Howe's attorney on May 20, 1991. Under Interrogatory Number 5, Howe was requested to list the names, addresses and telephone numbers of any expert witnesses she intended to call. In her answer to that interrogatory, Howe listed three persons: Sally Ash, Louis Gunther and James B. Martin. Interrogatory Number 6 inquired whether any of the persons listed under Number 5 had furnished any reports or other information to Howe or whether any of the listed experts had received any reports from any nonwitnesses which formed a basis for any of their expected opinions or testimony. Interrogatory Number 8 required Howe to state the names, addresses and telephone numbers of any persons having knowledge of relevant facts. Several weeks later, Howe's attorney sent a letter dated July 30, 1991 to Varner's attorney covering several suit-related procedural matters. The fourth paragraph of the letter stated:

> I have also enclosed a copy of the most recent testing report of the subject child made by Kenneth Lovelett of Life Stages. By this letter you are put on notice that I am amending and supplementing Movant's earlier response to your First Request for Documents and Things and further amending and supplementing Movant's Answers to Interrogatory No.s [sic] 5, 6 and 8.

The letter was neither certified nor verified nor was a copy of the letter filed in the clerk's office.

During the course of the trial, Howe called Kenneth Lovelett to testify as an expert regarding the results of numerous tests he had performed on Jason. Varner objected on the ground that Lovelett had not been listed as a witness in Howe's response to interrogatories or by proper supplementation. Howe claimed that she had sufficiently identified Lovelett for supplementation purposes in the letter addressed to Varner's attorney. Varner's attorney was unsure whether he had ever received or seen the letter. The court overruled the objection and permitted Lovelett to testify as an expert.

TEX.R.CIV.P. 166b(6)(b) requires a party to supplement his answers by disclosing any previously undisclosed expert witness, including his name, address and telephone number, and the substance of his expected testimony, "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court."

TEX.R.CIV.P. 168, which governs interrogatories to parties, sets forth several requirements, two of which are relevant to this case:

- A true copy of the interrogatories and the written answers or objections, together with proof of service thereof as provided in Rule 21a, shall be filed promptly in the clerk's office by the party making them, . . . .

  .     .     .     .     .

- The answers shall be signed and verified by the person making them and the provisions of Rule 14[2] shall not apply.

Finally, under TEX.R.CIV.P. 215(5), a party who fails to supplement his response to an interrogatory requesting identification of an expert witness may not offer the testimony of that expert unless the court finds good cause, with the burden being on the offering party to show good cause on the record.

Howe asserts that her attorney's letter of July 30, which named Lovelett and enclosed a copy of his report, sufficiently put Varner on notice that she intended to call Lovelett as an expert witness to meet the supplementation requirements of Rule 166b(6)(b). She cites and relies heavily on *Jones v. Kinder,*

---

**2.** TEX.R.CIV.P. 14 permits a party's attorney or agent to make an affidavit in the party's behalf in civil suits.

807 S.W.2d 868 (Tex.App.—Amarillo 1991, no writ) for the proposition that the technical requirements of Rule 168(5) should not be engrafted on the supplementation requirements of Rule 166b(6). Jones held nothing more than that verification of a supplement to answers to interrogatories is not necessary under Rule 166b(6). 807 S.W.2d at 872. Against that argument, Varner contends that the letter from Howe's attorney, assuming that his attorney received it, not only lacks verification, which he argues is required by Rule 168, but is ambiguous as to whether it was intended as the supplementation or as merely notice that the attorney would be amending and supplementing Howe's answers to interrogatories nor can it be determined specifically whether Lovelett is being designated as an expert or merely as a person having knowledge of relevant facts. More important, the letter did not meet any of the other requirements of Rule 168(5) except that it be in writing.

Jones has been cited with approval and followed on the nonnecessity of verification by at least four other courts: *Soefje v. Stewart,* 847 S.W.2d 311 (Tex.App.—San Antonio 1992, n.w.h.); *Kramer v. Lewisville Memorial Hospital,* 831 S.W.2d 46, 48 (Tex.App.—Fort Worth 1992, writ granted on an unrelated point); *Circle Y of Yoakum v. Blevins,* 826 S.W.2d 753, 756 (Tex.App.—Texarkana 1992, writ denied); *State v. Munday Enterprises,* 824 S.W.2d 643, 652 (Tex.App.—Austin 1992, no writ). In *Soefje,* in addition to following *Jones* on the nonnecessity of verification, the Court held that supplemental answers need not be preceded by the particular interrogatories in full so long as it can be determined to which interrogatories they pertain.

At the risk of appearing hypertechnical, we would mildly disagree for several reasons with the holdings of *Jones, Soefje, Kramer, Circle Y* and *Munday* that verification of

supplemental answers is not necessary. If the formalities of Rule 168 are mandatory (though waivable), then it logically follows that a supplementation to the answers previously given should observe the same formalities. Otherwise, a clever party or his attorney, without appearing to give evasive or incomplete answers, could hold back on material information and then provide it in an unsworn supplement just before the cutoff date. We need not, however, decide this case based alone on Howe's failure to verify what she asserts to be a supplementation to her previous answers.

■ The claimed supplementation in this case, as in the cited cases, was to the answers to interrogatories. Rule 168, as previously pointed out, requires the answers to be in writing under oath, verified by the person (not his attorney) making them, with copies served on all parties and with a copy showing proof of service filed with the clerk of the court. If the verification requirement of Rule 168(5) is unnecessary to satisfy the duty to supplement under Rule 166b(6), are any or all of the other requirements of Rule 168 also unnecessary both as to the answers under Rule 168 itself as well as to supplements under Rule 166b(6)? We think not. Although Rule 166b(6) does not, by its terms, require written supplementation, the Supreme Court has held that oral supplementation is not sufficient; the identification of witnesses must be in writing, as required by Rule 168(5). *Sharp v. Broadway National Bank,* 784 S.W.2d 669, 671 (Tex.1990). If the supplement must be in writing to avoid a dispute as to what was said by whom, then certainly a true copy of the supplement with proof of service should be filed with the clerk to avoid a dispute as to whether the supplement was actually served on the opposing party or his attorney.[3] In this case, Varner's attorney had no recollection of receiving the letter of July 30. Although he found a copy

---

**3.** We are aware that in *Cooke v. Dykstra,* 800 S.W.2d 556, 561 (Tex.App.—Houston [14th Dist.] 1990, no writ), the Court held that answers to requests for admissions could be admitted in evidence even though they had not been filed with the clerk, as required by TEX.R.CIV.P. 169, which has a filing requirement identical to that of Rule 168. In *Cooke,* however, there was no

dispute as to whether the answers were received in a timely manner. Moreover, the Court concluded that because Rule 169 does not specifically require the answers to be filed with the Court to prevent the requests from being deemed admitted, it was not error to admit the answers into evidence. 800 S.W.2d at 562.

of Lovelett's report in his file, he did not find the letter. Moreover, the last paragraph of the letter did not clearly indicate that it was intended as the supplement to Interrogatories 5, 6 and 8 and did not indicate that Howe intended to call Lovelett as an expert witness or provide his address and phone number except by reference to one of several attached reports which gave the address and phone number of "Life Stages." As said in *Sharp*, "A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory." 784 S.W.2d at 671. Under the facts of this case, we hold that the failure of the letter to meet any of the formal requirements of Rule 168, other than being in writing, makes it insufficient as a matter of law to be considered a supplemental answer to interrogatories. It follows that under the mandatory sanction of Rule 215(5), Lovelett should not have been permitted to testify in the absence of good cause shown on the record. *Boothe v. Hausler*, 766 S.W.2d 788, 789 (Tex. 1989); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). Because she rested on her contention that the letter was a sufficient supplement, Howe made no effort to show good cause for the failure to supplement nor was good cause found by the court or shown on the record. We need not determine whether the court abused his discretion because under our ruling, the court had no discretion.

■ The only question which remains under the first point is whether the error of admitting Lovelett's testimony was harmful. Reversible error occurs when the trial court committed an error that "was reasonably calculated to cause and probably did cause rendition of an improper judgment." *Gee v. Liberty Mutual Fire Insurance Company*, 765 S.W.2d 394, 396 (Tex.1989). In this case, Lovelett, a qualified expert in the field of child development, was the only expert to testify during the trial regarding Jason's physical and mental development.[4] Lovelett's testimony which described Jason as lacking the basic skills necessary to obtain and retain employment went to the main issue in the trial: whether Jason as an adult would be able to support himself. Because the attempted supplementation was so deficient, the advisability, if not the necessity, of deposing Lovelett and of obtaining his own expert to evaluate Jason and to testify was not readily apparent to Varner's attorney. We conclude that the error was harmful. Point of Error No. One is sustained.

### FAILURE TO PRODUCE

■ Under the second point of error, Varner claims reversible error by the court in permitting Howe's attorney to testify on attorney's fees despite his failure to furnish billing statements and his contract of employment in response to a request for production.

The record shows that Howe's attorney, in response to Varner's Interrogatory Number 5, identified himself as a testifying expert with respect to expressing his opinion on reasonable and necessary services and reasonable attorney's fees. He added in his answer that billing statements would be supplied in accordance with Varner's Request for Production. In his first Request for Production, Varner had asked for copies of any documents which related to any of the answers to the interrogatories (including Number 5) answered by Howe. No copies of any documents relating to Howe's attorney's contract of employment or fees were furnished to opposing counsel until the day of trial. At the conclusion of a hearing out of the presence of the jury, the trial court ruled that he would permit Howe's attorney to testify as to his services and fees, but not finding good cause, he sustained Varner's objection to the admission of any billing statements and the contract of employment between Howe and her attorney.

■ The trial court has broad discretion in imposing (or not imposing) a variety of sanctions on any party who abuses the discovery process. *Bodnow Corporation v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986);

---

4. Sarah Talmadge Ash, aka Sally Ash, a special education teacher, also testified as an expert. Jason is one of her students. She testified that he was an emotionally disturbed person who lacked many of the "life skills" which any person needs to survive in the real world.

TEX.R.CIV.P. 215. In contrast, unless good cause is shown, the court has no discretion in applying the automatic sanction of TEX. R.CIV.P. 215(5) to specific witnesses unidentified in response to interrogatories and to unfurnished specifically requested documents and tangible things. *Alvarado v. Farah Manufacturing Company, Inc.*, 830 S.W.2d 911, 914 (Tex.1992).

Varner cites *Lohie Investment Co. v. C.G.P., Inc. No. 10*, 751 S.W.2d 313 (Tex. App.—Houston [1st Dist.] 1988, dism. w.o.j.) for the proposition that where the expert's identity and subject matter documents are requested but only one is provided, neither should be admitted. His reliance is misplaced. In *Lohie*, the trial court permitted appellee to call three witnesses to testify about the unreasonableness of appellant's attorney's fees and the reasonableness of its own attorney's fees. Two of the witnesses were identified for the first time just ten days before trial and two years after their names were first requested. The third, appellee's own attorney, was not identified prior to his testimony. The Court of Appeals held that the trial court abused its discretion in allowing all three of the witnesses to testify.

■ In this case, Howe's attorney, James B. Martin, properly identified himself as an expert witness on attorney's fees, his qualifications and the subject matter of his testimony. He went further than necessary and indicated that he would supply billing statements in response to Varner's Request for Production. The latter discovery procedure broadly and generally requested "copies of any and all documents ... which relates to or which Interrogatory answers number ... five, six ... of Respondent's First Set of Interrogatories served contemporaneously herewith, are based in whole or in part...." The trial court properly applied the automatic sanction to the billing statements that were never furnished. We conclude, however, that the court was not only correct in permitting Howe's attorney to testify on his attorney's fees but it would have been an abuse of discretion not to have done so. Point of Error No. Two is overruled.

## FAILURE TO IDENTIFY

■ In his third point, Varner contends that it was error for the trial court to permit Sarah Talmadge Ash to testify when she had been identified only as "Sally Ash, Special Education Teacher—Plano East High School, Plano, Texas—Telephone: 423-9664." He also contends that the naming of her employer cannot be construed as her address, as required to be given under Rule 166b(2)(e).

Varner's argument here borders on the frivolous. The purpose for the name, address and telephone number requirement of Rule 166b is obviously so that the opposing party can easily locate, interview and depose the proposed witness. Varner made no claim that he was unable to locate Sally Ash at Plano East High School or by telephoning her at the number given. Ms. Ash testified that although her real name is Sarah Talmadge Ash, she is known as Sally Ash at Plano East High School. Many people are better known by a nickname than by their birth certificate name. Although Plano East High School may be Sally Ash's employer, it also represents a location or address. *Clark v. Trailways, Inc.*, 774 S.W.2d 644 (Tex. 1989), cited by Varner in support of this point, is inapposite. There, the Supreme Court held that it was error for the trial court to admit the testimony of a witness identified by name but not by address, good cause for failure to furnish the address and allowing the testimony not having been shown. The name and address of the witness given in this instance were sufficient under the rule for the purposes of identification and location. Varner's third point is overruled.

## UNIDENTIFIED PARTY WITNESS

■ Under his fourth point, Varner argues that it was reversible error for the trial court to permit Howe to call Varner as a witness since she had not identified him as such in response to his interrogatories.

The record reflects that Varner identified himself as a person having knowledge of relevant facts in response to Howe's interrogatories. But, Howe failed to identify Var-

ner as a person having such knowledge in response to his interrogatories.[5] On the other hand, Varner objected to being called as a witness by Howe although he had identified himself as a fact witness in answer to her interrogatories. Relying on *E–Z Mart Stores, Inc. v. Terry,* 794 S.W.2d 63, 65 (Tex. App.—Texarkana 1990, writ denied), the trial court permitted Howe to call Varner without a finding of good cause. After Howe had rested, Varner testified in his own behalf.

Aside from the requirements of Rule 166b(2)(d), which entitled Varner to obtain from Howe the names and addresses of persons with knowledge of relevant facts, TEX. R.CIV.P. 181 provides that either party may examine the opposing party as a witness. On the strength of the latter rule, the *E–Z Mart* Court held that a party to a suit may always examine the opposing party as a witness even though neither party had identified the opposing party as a person having knowledge of relevant facts in response to interrogatories. The Fort Worth Court of Appeals has taken the opposite position: that under Rule 215(5), failure of a party to name the opposing party as a person with knowledge of relevant facts in answer to interrogatories, in the absence of a good cause showing, automatically precludes the calling of the opposing party as a witness during trial. *Brekalo v. Ballard,* 836 S.W.2d 783, 785 (Tex. App.—Fort Worth 1992, no writ). In the closely related situation where a party, not having identified himself as a potential fact witness, wishes to call himself as a witness in trial, our Supreme Court recently held that, in the absence of showing good cause, the automatic exclusionary sanction of Rule 215(5) prevents the party from doing so. *Smith v. Southwest Feed Yards,* 835 S.W.2d 89 (Tex.1992); *Henry S. Miller Company v. Bynum,* 836 S.W.2d 160 (Tex.1992). Under the latter cases, factors such as the fact that the party was deposed, that the party was

named as a fact witness in answer to the other party's interrogatories, and that the identity of the party is certain and his personal knowledge has been communicated through pleadings and in response to other discovery, may in combination show good cause. In this case, Varner's deposition was taken and he was listed as a fact witness in his answers to Howe's interrogatories. Based on these factors, the trial court could have, and probably should have, found good cause. In the absence of a finding of good cause, it was error for the trial court to permit Howe to call Varner as an adverse witness. The error was harmless, however, because Varner called himself as a witness after Howe had rested. Varner's fourth point is overruled.

### CHILD SUPPORT GUIDELINES

In his fifth point, Varner contends that it was error to have submitted the issue of child support guidelines to the jury.

■ A trial court has wide discretion in setting the amount of child support and its order will not be disturbed on appeal unless there has been an abuse of discretion. *Belcher v. Belcher,* 808 S.W.2d 202, 207 (Tex. App.—El Paso 1991, no writ); *Havis v. Havis,* 657 S.W.2d 921, 924 (Tex.App.—Corpus Christi 1983, writ dism.). The ultimate determination of child support is for the court—if an issue on child support is submitted to the jury, the jury's answer is merely advisory and need not be followed by the court. *Havis,* 657 S.W.2d at 924; TEX.FAM. CODE ANN. § 11.13(b) (Vernon Supp.1993). Here, although the trial judge indicated prior to submission of the case to the jury that he intended to follow the jury finding, it was still a decision that was within his discretion.[6]

■ Varner's primary complaint is that the charge erroneously included the factors

5. Oddly enough, Howe was permitted to testify in her own behalf without objection even though she was not identified as a potential fact witness either in her answers to Varner's interrogatories or in his answers to her interrogatories.

6. The Committee on Pattern Jury Charges of the State Bar of Texas believes that it is usually inadvisable to submit questions to the jury in

order to elicit advisory opinions on matters such as child support. The Committee concludes that a child support question necessitates lengthy instructions on a subject that should be a routine matter for the trial court, and for that reason, a jury's advice is likely to be unproductive. 5 State Bar of Texas, Texas Pattern Jury Charges PJC 216.05 (1989).

set forth in TEX.FAM.CODE ANN. § 14.052 (Vernon Supp.1993) along with the factors listed in Section 14.051(g), whereas he contends that only the latter should have been given in the instructions because Howe sought to continue support for Jason, as a disabled child, after he reached eighteen years of age, as opposed to establishing child support under Section 14.051(f). We have concluded that because of the advisory nature of the jury's finding, the error, if any, was harmless.

■ More importantly, the record contains no objection to the charge as given. Failure to object on the record to the court's instructions to the jury waived any alleged error. *Connors v. Connors*, 796 S.W.2d 233, 235 (Tex.App.—Fort Worth 1990, writ denied); *Long v. Tascosa National Bank of Amarillo*, 678 S.W.2d 699, 705 (Tex.App.—Amarillo 1984, no writ); TEX.R.CIV.P. 272. The fifth point is overruled.

### AWARD OF COURT COSTS

In his sixth point of error, Varner asserts that there was no evidence to support an award of court costs and that under TEX.CIV. PRAC. & REM.CODE ANN. § 31.007 (Vernon Supp.1993), it was error to award Howe her court costs. Although couched in terms of a "no evidence" point and initially argued on that basis, Varner's real complaint seems to be that Howe in her motion to modify prayed not for court costs but only for general relief which, he asserts, is insufficient to support an award of costs.

■ Section 31.007(a) provides that "each party to a suit shall be responsible for accurately recording all costs and fees incurred during the course of a lawsuit, if the judgment is to provide for the adjudication of such costs." Although somewhat vague as to procedure, the section in question clearly does not require a formal presentation of evidence of a party's costs during trial. All that seems to be required is that the successful party present to the trial judge and opposing counsel at some time before the judgment is signed an itemized list of costs and fees incurred during the lawsuit so that the judge can determine which costs and fees are properly includable in the judgment. Al-

though a general prayer for relief will not support an award of attorney's fees because it is a request for affirmative relief that must be supported by the pleadings, *Gross v. Gross*, 808 S.W.2d 215, 222 (Tex.App.—Houston [14th Dist.] 1991, no writ); *MacCallum v. MacCallum*, 801 S.W.2d 579, 587 (Tex.App.—Corpus Christi 1990, writ denied), it is sufficient to support an award of court costs, other than attorney's fees, for the reason that such an award is not considered affirmative relief. The successful party to a suit is entitled to recover from his adversary all costs incurred therein. TEX.R.CIV.P. 131. Moreover, the Texas Family Code provides that the court may award costs in any proceeding affecting the parent-child relationship. TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1986). Point of Error No. Six is overruled.

### AWARD OF ATTORNEY'S FEES ON APPEAL

■ Under the seventh point of error, Varner complains that there was no basis for the court's award of attorney's fees to Howe incurred in the event of an appeal because the jury was not asked to determine what fees should be awarded to her in the event of appeals. As previously indicated, the record contains no objection by Varner to the form or content of the two questions that dealt with attorney's fees, so that any error in the submission was waived. Because the cause is being reversed and remanded, the award of attorney's fees, if any, will have to be redetermined on retrial. Therefore, we find it unnecessary to rule on this point.

Judgment of the trial court is reversed and the cause remanded for new trial.

### OPINION ON MOTION FOR REHEARING

Counsel for Appellee has filed a Motion for Rehearing suggesting in strong (bordering on contumacious) language, error in the Court's Opinion. He begins by saying:

Anyone with reasonable command of the English language must conclude that the wording of the subject letter could not possibly have been clearer.

He then quotes the language from his July 30, 1991 letter that "you are put on notice that I am amending and supplementing Movant's earlier response to your First Request for Documents...." We do agree that the language was clear. It said that counsel was supplementing his earlier response, presumably in accordance with the Texas Rules of Civil Procedure. That means, as Rule 168 requires that:

> A true copy of the interrogatories and the written answers or objections, together with proof of service thereof as provided in Rule 21a, shall be filed promptly in the clerk's office by the party making them, ...."

.    .    .    .    .

> The answers shall be signed and verified by the person making them and the provisions of Rule 14 shall not apply.

If it was counsel's intention to amend and supplement his earlier response on some basis other than that provided for in the Rules of Civil Procedure, we are confident he would have so stated such intention in clear and concise language. He did not. Certainly opposing counsel and the trial court should have been able to expect that he would do as he had said he was doing, i.e. follow the applicable rules and send his sworn amendment to the clerk. He did not and may not now complain that this Court is requiring him to comply with the "reasonable command of the English language" as found in those rules.

> Counsel's Motion concludes by stating:

> This Court should be ashamed of itself for putting the Appellee through this task [another trial] for no other reason than hyper-technicality and flawed conclusions.

Unfortunately, the reason Appellee faces another trial is because her counsel, who claims to have fully complied with the rules of procedure and contends he gave full notice to opposing counsel, never sought to make a showing of "good cause" in the trial court for failure to comply with the applicable rules. If his notice was adequate, as he now claims, the trial court undoubtedly would have found good cause and the error of improper supplementation would have been avoided. He did not and now as a result, his client faces a new trial. This is a case where counsel attempts to excuse his own inept performance by attacking the Court.

The motion for rehearing is overruled.