In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00061-CR


______________________________




MARION D. CADDELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 241st Judicial District Court


Smith County, Texas


Trial Court No. 241-0186-07




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Marion D. Caddell appeals from his jury conviction for delivery of a controlled substance.
See Tex. Health & Safety Code Ann. § 481.112(c) (Vernon 2003). Caddell pled "true" to one
enhancement allegation. The jury assessed punishment at life imprisonment and a $10,000.00 fine. 
Caddell was represented by retained counsel at trial and by different, appointed, counsel on appeal.

 Appellate counsel filed a brief October 25, 2007, under the mandate of Anders v. California,
386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Caddell a copy of the brief, as well as
copies of the clerk's and reporter's records, and advised Caddell by letter he believes there are no
arguable contentions of error. He also informed Caddell of his right to review the record and file a
pro se response. Caddell requested an extension of time to file a response. That extension expired
December 27, 2007. Caddell has not filed a response, nor has he requested an additional extension
of time in which to file such a response. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that the indictment is sufficient to support the conviction,
that all pretrial motions were properly ruled on, and that Caddell received a fair trial. He also states
that, although Caddell received the maximum possible sentence, it was within the range available
and, due to the fact that Caddell had seven prior felony convictions, appellate counsel could not say
the sentence was illegal or disproportionate. Counsel's statements are supported by the record.

 We have reviewed the record and find the evidence sufficient to support the conviction. We
agree with counsel there are no arguable points of error in this case. (1)


 We affirm the judgment of the trial court.





 Bailey C. Moseley

 Justice


Date Submitted: January 31, 2008

Date Decided: February 7, 2008


Do Not Publish
1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Caddell in this case. No substitute
counsel will be appointed. Should Caddell wish to seek further review of this case by the Texas
Court of Criminal Appeals, Caddell must either retain an attorney to file a petition for discretionary
review or Caddell must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.



dants were brought into the case, the evidence reflects that
CHL was the main defendant and that all claims against Defendants were based on the same
assortment of wrongful acts alleged against CHL. Under those circumstances, in the absence of any
meaningful effort to raise the issue at trial, we do not agree segregation was required.


Evidence of Attorneys' Fees 

 Plaintiffs next raised several related contentions about the evidence of attorneys' fees. They
first contend that there was no evidence of attorneys' fees and that the jury question on attorneys' fees
should therefore not have been given. The argument is not actually that there is no evidence, but is
instead that it is inadequate because it does not segregate fees or show that they were inextricably
intertwined. 

 Trial courts must submit questions, instructions, and definitions that the pleadings and
evidence raise. Tex. R. Civ. P. 278; Elbaor v. Smith, 845 S.W.2d 240, 243 (Tex. 1992). A trial
court may refuse to submit a question only if no evidence exists to warrant its submission. Elbaor,
845 S.W.2d at 243. If there is some evidence to support a jury question and the court does not
submit it, that failure is reversible error. Id. In determining whether a trial court should have
submitted a question to the jury, the reviewing court must examine the record for evidence
supporting submission and ignore all evidence to the contrary. Id.

 The record contains evidence about attorneys' fees. In the absence of an objection and a
request for segregation of fees among the various parties and causes of action, the trial court was
never asked to determine whether segregation of fees was necessary. Defendants were therefore not
required to parse their evidence into separate divisions.

 Plaintiffs also contend there is no or insufficient evidence to support the verdict. That
argument, however, is also premised on their position that the absence of segregated evidence is
equivalent to no evidence. Plaintiffs do not suggest the evidence is insufficient. We find no error
in the failure to segregate fees. We overrule that aspect of this point of error.

 There is, however, a different aspect of this issue that requires more consideration. Under
this point of error, Plaintiffs complain about the sufficiency of the evidence to support the award. 
Although this aspect was not argued in great detail, we believe we should also address the
sufficiency of the evidence to support the dollar amount awarded by the jury.

 In determining whether there is in the record evidence of probative force to support a jury 
finding, we must (1) consider all of the evidence in the light most favorable to the party in whose
favor the verdict has been rendered and (2) apply every reasonable inference that could be made from
the evidence in that party's favor. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). In this review, we disregard all evidence and inferences to the contrary. Burroughs Wellcome
Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Best v. Ryan Auto Group,  Inc.,  786  S.W.2d  670,
 671  (Tex.  1990).  A  no-evidence  point  will  be  sustained when (a) there is a complete absence
of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight
to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no
more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998).

 When considering a factual sufficiency challenge to a jury verdict, courts of appeals must
consider and weigh all of the evidence, not just that evidence which supports the verdict. Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998). Courts of appeals can set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly
wrong and unjust. Id.; Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). Courts of appeals are not 
fact-finders. Accordingly, a court of appeals may not pass on the witnesses' credibility or substitute
its judgment for that of the jury, even if the evidence would clearly support a different result. Ellis,
971 S.W.2d at 407. If we find the evidence insufficient, we must clearly state why the jury finding
is factually insufficient or is so against the great weight and preponderance of the evidence as to be
manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). In so doing, we do
not pass on the credibility of the witnesses, and we do not substitute our opinion for that of the trier
of fact, even if there is conflicting evidence on which a different conclusion could be supported. 
Clancy v. Zale Corp., 705 S.W.2d 820, 826 (Tex. App.-Dallas 1986, writ ref'd n.r.e.).

 By agreement of counsel, Robert Bush, the designated expert on attorneys' fees, testified in
narrative form. He testified about his own firm's fees, fees of Marc Richman, who was retained in
the latter stages of the case, including trial, as well as bills from two other attorneys, Michael
Schnitzer and Mark Magilow. Bush testified regarding pretrial fees incurred by his firm amounting
to $72,364.66; Richman, $8.366.84; Magilow, $4,250.00; and Schnitzer, $7,644.86. Bush testified
about his and Richman's hourly rates of $190.00 and $275.00, respectively, and about probable fees
for appeals. On that evidence, pretrial attorneys' fees total $92,626.36. Bush also stated that his
company's billings included thirty additional hours for the month in which the trial was occurring (1)
but not including that day's activities. The trial began on April 30, 2001, recessed for a day, and then
continued on May 2, 3, and 4. Bush also invited the jury to include the time it had spent with the
attorneys sitting through the days of the trial.

 The jury thus had not only the dollar amount of fees for pretrial work, but had been told the
hourly rates for the two attorneys and observed them working from voir dire through the end of trial. 
The record reflects an additional two days of trial work done by Bush, of which the jury was
necessarily aware, and reveals that none of the four days of trial activities involving Richman were
included in the above figures. Considering the length of the trial days shown by the record, the jury
necessarily had before it an additional sixteen hours spent by Bush, and since Richman was working
with him, a corresponding number of additional hours spent by Richman. The jury could have
considered also the fact that Bush and Richman were working together on the trial and thus that
Richman had also spent thirty hours in trial preparation and trial activities before that date-and
sixteen hours for the final two days of trial. Bush suggested this to them, in fact.

 That amount can be calculated to add at least $3,040.00 in fees payable to Bush and
$12,650.00 payable to Richman. This would bring the total to $108,316.36 in fees payable through
trial. It is also apparent from comments made during the taking of testimony that Magilow was also
present at trial on behalf of CHL, and he would presumably also bill CHL for his time, although
there is no testimony about a particular hourly rate for that counsel. Finally, the owner of CHL
testified that the company had paid $83,000.00 to that point in attorneys' fees and owed an additional
$10,000.00 in fees, and that he was expecting the trial preparation itself to be an additional
$10,000.00 to $20,000.00. 

 There is evidence of substantial attorneys' fees. Taking Bush's testimony in combination with
the time spent at trial by counsel as described above, there is at least a scintilla of evidence from
which the jury could have determined the amount of $110,000.00 in attorneys' fees to be appropriate. 
 The remaining question is factual sufficiency. We have set out the relevant testimony and
the standards for review above. The evidence before the jury consists of exact dollar amounts under
Bush's testimony. The evidence also supports fees in amounts that the jury could readily calculate,
based on its observation of the presence of three defense counsel during trial and the available
evidence specifying two attorneys' rates, as well as the additional cost incurred by the presence of
Magilow during trial. Finally, the jury was also entitled to consider the evidence about the amounts
actually paid by Defendants to counsel and outstanding bills. 

 The evidence of exact dollar amounts does not add up to the precise dollar amount of the jury
answer. But, in light of the evidence detailed above, which was before the jury, we cannot say that
the jury answer to the question on attorneys' fees was made against the great weight and
preponderance of the evidence, or that the evidence cannot fairly be said to support its answer. We
overrule this point of error.

Late Witness Designation and Evidence Disclosure

 Plaintiffs next contend that Richman was untimely designated as an expert witness and that,
therefore, his billings should not be considered. They also argue that, since other bills were untimely
produced from Defendants' prior attorneys, the fees shown by their bills should also not be allowed. 
They argue that, because of these discovery failures, all of the evidence about attorneys' fees was
improperly admitted over their objections. 

 Richman did not testify, but we are asked to decide whether evidence about his billings could
be placed into evidence through the witness who did testify about attorneys' fees. The initial
question is whether this complaint has been preserved for review. In order to preserve a complaint
for appellate review, a party must present to the trial court a timely motion stating the specific
grounds therefor. Tex. R. App. P. 33.1. An objection at trial, which is not the same as that urged
on appeal, presents nothing for review. Haryanto v. Saeed, 860 S.W.2d 913, 921 (Tex.
App.-Houston [14th Dist.] 1993, writ denied). Further, premature objections preserve nothing for
review. Correa v. Gen. Motors Corp., 948 S.W.2d 515, 518 (Tex. App.-Corpus Christi 1997, no
writ); Tex. Commerce Bank Reagan v. Lebco Constructors, Inc., 865 S.W.2d 68, 78 (Tex.
App.-Corpus Christi 1993, writ denied); Mo. Pac. R.R. Co. v. Brown, 862 S.W.2d 636, 638 (Tex. 
App.-Tyler 1993, writ denied) (objection required when evidence offered). To preserve the right
to complain on appeal about the admission of testimony, Plaintiffs were required to specifically
object at the time the testimony was offered, with sufficient clarity to allow the trial court to
understand the precise nature of the objection. United Way of San Antonio, Inc. v. Helping Hands
Lifeline Found., Inc., 949 S.W.2d 707, 713 (Tex. App.-San Antonio 1997, writ denied).

 We have reviewed the testimony and the objection. The totality of the objection is, "I'm just,
for the record, going to make an objection under Rule 193. The billings to support Mr. Bush's
testimony were not produced to me. I got the bills on March 1st." (2) By agreement of counsel, Bush
then testified in narrative form about his fees and his associates' fees. He also testified about fees
for Richman, who was brought in for trial, as well as bills from two other attorneys, Schnitzer and
Magilow. Bush then went on to testify about probable fees for appeals.

 On appeal, Plaintiffs complain that evidence about Richman's attorneys' fees should have
been excluded (whatever the source) and that Bush should not have been able to testify about the
billing statements for Schnitzer and Magilow because they were not timely provided as discovery. 
That objection was not adequately presented to the trial court. The objection made was generic and
was not directed at any of the particular complaints now raised on appeal. As stated above, a
complaint is not preserved for appellate review if not adequately presented to the trial court for a
ruling. Further, the cases cited above also indicate that a timely objection must be made, requiring
an objection to be made in response to the attempt to introduce evidence, not before it is offered. 

 Finally, even if preserved, there is authority indicating that a properly disclosed expert may
testify about attorneys' fees incurred, based on the billing of other attorneys, even if those bills are
not themselves admissible as evidence. Schlager v. Clements, 939 S.W.2d 183, 192-93 (Tex.
App.-Houston [14th Dist.] 1996, writ denied). That opinion also quoted Varner v. Howe, 860
S.W.2d 458, 464 (Tex. App.-El Paso 1993, no writ), agreeing with the El Paso court that, if the trial
court had refused to allow the expert to testify under those circumstances, it would have abused its
discretion by so doing. (3)

 We overrule this point of error.

Settlement Negotiations

 Plaintiffs finally contend the trial court improperly allowed the introduction of repeated
statements about settlement negotiations and settlement offers. They complain not about a single
question, but about six pages of testimony and discussion at the beginning of which (among other
things) T. Gwen Holmes was asked if she or her lawyer had ever contacted Concord Homes to ask
if they would be willing to settle the case for $15,000.00 or $20,000.00. She answered that she was
sure they had. Plaintiffs' argument on appeal focuses on that initial question. 

 Plaintiffs contend the subsequent questions improperly brought settlement offers to the
attention of the jury. See LaCoure v. LaCoure, 820 S.W.2d 228, 235-36 (Tex. App.-El Paso 1991,
writ denied). This record, however, contains no objection to that question (4) or to the answer. That
answer is thus before the jury for all purposes. When counsel asked if she could produce
correspondence about the offer, counsel then objected on the basis that the matter would invade the
confidentiality of a mediation proceeding. Under the standards set out above, this is insufficient to
preserve a claim of error as to the specific testimony.

 Further, the trial court went on after the mediation objection was broached to inform the jury
at some length about the mediation process and the confidentiality involved there, and then
instructed counsel to avoid asking questions that invaded the mediation process. 

 Finally, it is arguable that the objection raised at trial does not comport with the argument
raised on appeal. At trial, the focus of the objections was on the issue of whether testimony about
mediation discussions was admissible. On appeal, the focus has shifted to the question of whether
settlement negotiations in general are admissible in evidence. The Rule 408 argument that Holmes
now pursues is not the same argument presented to the trial court.

 In addition, we recognize there is considerable evidence about mediation and settlement
offers that came before the jury without objection. Accordingly, even if the evidence had been
properly objected to on this occasion, the admission of the other evidence to the same effect, without
objection, renders any error in admitting this testimony harmless. Adams v. Smith, 479 S.W.2d 390,
395 (Tex. Civ. App.-Amarillo 1972, no writ); Brister v. Lasiter, 444 S.W.2d 331, 338 (Tex. Civ.
App.-El Paso 1969, writ ref'd n.r.e.).

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 8, 2003

Date Decided: September 4, 2003


1. This testimony was taken at the end of proceedings on May 3, 2001. The thirty hours was 
for the two preceding days' activities. Bush's testimony that his firm had only one hour billable in
April 2001 is interesting, in light of the fact that he spent the afternoon of April 30 in voir dire for
this case. 
2. Trial began on April 30.
3. The admission and exclusion of evidence is committed to the trial court's sound discretion;
thus, we review this issue under an abuse of discretion standard. City of Brownsville v. Alvarado,
897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion when it acts without regard for
any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985).

4. The record does indicate that a discussion was held at the bench after the preceding question
asking whether her lawyer had made a demand, but the discussion was not recorded.