Opinion issued December 22, 2015



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-15-00301-CV

———————————

**DAVID  M.  DIGGS, Appellant**

**V.**

**VSM FINANCIAL, L.L.C., Appellee**

---

**On Appeal from the County Civil Court at Law No 1**
**Harris County, Texas**
**Trial Court Case No. 1046110**

---

## O P I N I O N

In a single issue, appellant David Diggs complains of the trial court's failure to award him costs as the prevailing party in the underlying proceedings.  We affirm the judgment as modified.

## BACKGROUND

Plaintiff-appellee VSM Financial, L.L.C. sued defendant-appellant David Diggs for breach of contract to recover on a credit-card debt. VSM's petition and Diggs's answer both requested that costs of court be awarded.

The parties filed cross-motions for summary judgment, and each submitted proposed Final Summary Judgments. The trial court granted summary judgment in Diggs's favor and denied VSM's summary judgment. The court signed Diggs's proposed judgment, but crossed out the language "that the Defendant recover his costs of court and that Plaintiff is taxed with all costs of court for which let execution issue."

## PARTIES' ARGUMENTS AND ANALYSIS

Diggs contends that the trial court erred by not awarding his requested costs as the prevailing party. TEX. R. CIV. P. 131 ("The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.") Diggs acknowledges that the trial court may decline to award costs to a prevailing party, but contends that there must be good cause and that good cause must be stated on the record. TEX. R. CIV. P. 141 ("The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules); *see also Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 376 (Tex. 2001) (holding trial court abused its discretion in failing to assess costs

in favor of prevailing party because the "good cause" stated on the record by the trial court did not constitute good cause as a matter of law).

VMS Financial responds that the trial court did not err in refusing to award Diggs costs because "the successful party must before the judgment is signed present to the trial court an itemized list of costs incurred so the trial court can determine which cause are includable in the judgment." Because the record does not reflect that Diggs did so, VMS contends that "the decision by the trial court to exclude costs was not erroneous." We note, however, that the clerk of the trial court prepared and filed an itemized bill of costs after the trial court signed the final judgment, which is contained in the clerk's record filed on appeal.

VMS cites *Varner v. Howe*, 860 S.W.2d 458, 466 (Tex. App.—El Paso 1995, no writ) in support of its argument that Diggs waived his recovery of costs because the record does not reflect that Diggs provided an itemized list of costs to the trial court before the judgment was signed. In *Varner*, however, the court of appeals upheld the trial court's award of costs, rejecting the challenge that there was "no evidence to support an award of court costs." *Id.* at 466. The court interpreted the issue as complaining that the prevailing party's pleadings "prayed not for court costs but only for general relief which, he asserts, is insufficient to support an award of costs." *Id.* The court noted that costs are not an award of affirmative relief. *Id.* The timing of the presentment of a bill of costs was not in

dispute in that case, and unlike in *Varner,* here Diggs specifically demanded that costs be awarded to him should he prevail.

As Diggs observed in his reply brief, our court has rejected any construction of *Varner* as requiring that an itemized bill of costs be presented to the trial court before entry of judgment. *See Madison v. Williamson*, 241 S.W.3d 145, 158 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). As we noted in that case, "In response to a request for an award of costs, the court's role is to adjudicate which party or parties is to bear the costs of court, not to determine the correctness of specific items." *See id.* (citing *Reaugh v. McCollum Expl. Co.*, 140 Tex. 322, 325, 167 S.W.2d 727, 728 (1943); *Pitts v. Dallas Cty. Bail Bond Bd.*, 23 S.W.3d 407, 417 (Tex. App.—Amarillo 2000, pet. denied)). The trial court should state in its judgment which party is to pay costs. *See* TEX. R. CIV. P. 131; *Reaugh*, 167 S.W.2d at 728; *Pitts*, 23 S.W.3d at 417. The judgment should not state the amount taxed as costs, but only that costs are awarded against a certain party. *See Pitts*, 23 S.W.3d at 417. Taxing costs, as distinguished from adjudicating those costs, is a ministerial duty of the clerk. *Wood v. Wood*, 159 Tex. 350, 358, 320 S.W.2d 807, 813 (1959); *see also* TEX. R. CIV. P. 129, 149, 622.

Thus, contrary to VSM's assertion otherwise, the rules do not require a successful party in a lawsuit to submit an accounting of its court costs to the trial court and opposing counsel *before* the entry of a judgment adjudicating costs. *See*

4

TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a); TEX. R. CIV. P. 129, 131, 149, 622. Instead, Texas Civil Practice and Remedies Code section 31.007(a) requires the successful party to submit a record of its court costs to the court clerk so that the clerk can perform its ministerial duty and tax costs in accord with Texas Rule of Civil Procedure 622. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a); TEX. R. CIV. P. 622. To the extent a party complains about the taxation of any specific costs, the remedy is a motion to re-tax costs in the trial court. *See Operation Rescue–Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 87 (Tex. App.—Houston [14th Dist.] 1996) ("A motion to retax costs is one to correct the ministerial act of the clerk of the court in tabulating costs."), *aff'd as modified*, 975 S.W.2d 546, 570 (Tex. 1998).

Diggs requested that he be awarded costs of court in his answer to the suit. Such a request sufficiently apprised the trial court of his demand that costs of court be awarded to him should he prevail. Thus, we conclude that he did not waive his request. The trial court did not find or otherwise indicate on the record any cause for failing to award the costs. An award of costs to Diggs as the prevailing party was thus mandated. We accordingly sustain Diggs's sole issue.

## CONCLUSION

We modify the trial court's judgment to award costs of court to Diggs as required by Rule 131 of the Texas Rules of Civil Procedure. We affirm the judgment as modified.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.