In the Matter of R.H., a
Minor, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00345–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 9, 1995.

Steven T. Long, Law Offices of Steven T. Long, San Antonio, for appellant.

Margaret M. Fent, Assistant Criminal District Attorney, San Antonio, for appellee.

Before RICKHOFF, LOPEZ and GREEN, JJ.

## OPINION

GREEN, Justice.

The State charged R.H., a minor, with four instances of delinquent conduct under Title 3 of the Texas Family Code. R.H. brings three points of error. We reverse and remand.

Pursuant to an agreement with appellant, the State agreed to waive and abandon paragraphs one, two, and three of the charging petition and proceed under paragraph four only. The stipulated agreement was presented and explained to the judge. The judge then reviewed the child's social history report. Because the judge declined to follow the agreement, appellant withdrew his stipulation and requested a jury trial and moved to recuse the judge because he had viewed the social history report. After a hearing before a different judge, the motion to recuse was denied.

■ In his first point of error, appellant complains of the denial of the motion to recuse the trial judge because the judge had viewed appellant's "social history report" prior to the adjudication hearing. *See* TEX.FAM. CODE ANN. § 54.03(d) (Vernon 1986). Appellant has not, however, preserved for the record the "social history report" complained about. *See* TEX.R.APP.P. 50(d). We are thus unable to determine whether the report was of the type contemplated by the statute or whether appellant suffered any harm as a consequence of it being viewed by the judge. Appellant's first point of error is overruled.

■ Appellant's second point of error complains that the trial court erred in allowing a witness to testify when the witness had not been disclosed in response to discovery requests.

■ Title 3 of the Texas Family Code mandates that "[e]xcept when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title." TEX.FAM.CODE ANN. § 51.17 (Vernon 1986). That being the case, juvenile defendants are entitled to propound discovery requests to the State in accordance with the usual civil discovery rules. *See, e.g.* TEX. R.CIV.P. 166b, 167, 168 and 169. Failure to respond to or supplement discovery results in automatic exclusion of the testimony of the undisclosed witness absent a showing of good cause. TEX.R.CIV.P. 215(5); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 297–98 (Tex. 1986). Without a showing of good cause, the trial court has no discretion to allow the testimony of an undisclosed witness whose testimony is excluded under Rule 215(5). *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992).

■ The burden to show good cause is on the party seeking to introduce the testimony. *Yeldell v. Holiday Hills Retirement & Nursing Ctr., Inc.,* 701 S.W.2d 243, 246 (Tex.1985). The evidence and the finding of good cause must be clearly reflected in the record. *Gutierrez v. Dallas Indep. Sch. Dist.,* 729 S.W.2d 691, 693–94 (Tex.1987). Determination of good cause is within the sound discretion of the trial court. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 442 (Tex.1984). That determination will only be set aside if the trial court abuses its discretion. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986). An abuse of discretion occurs when the trial court acts without reference to any guiding principles or rules. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ In *Smith v. Southwest Feed Yards,* the supreme court found "good cause sufficient to require admission" of testimony of a party-witness not disclosed in response to proper interrogatories. *Smith v. Southwest Feed Yards,* 835 S.W.2d 89, 91–92 (Tex.1992). The *Smith* court slightly broadened the considerations for ascertaining good cause to permit a party-witness, although not listed as a person with relevant knowledge during discovery, to testify if that party-witness's identity is certain and their personal knowledge of relevant facts has been communicated to all the other parties. *Smith,* 835 S.W.2d at 91. The party-witness's knowledge in *Smith* had been disclosed in answer to interrogatories other than the one seeking identification by name of those with relevant knowledge. *Id.* However, status as a party is not independently sufficient to establish good cause.

*Henry S. Miller Co. v. Bynum,* 836 S.W.2d 160, 162 (Tex.1992).

 Despite appellant's objections, the trial court permitted Rodriguez, the only witness with personal knowledge of the crime with which appellant was charged, to testify. Having failed to disclose Rodriguez as a person with relevant knowledge in answer to appellant's interrogatories, it was incumbent on the State to demonstrate good cause to necessitate Rodriguez's testimony. They did not, save to note that Rodriguez was listed as a complainant in the State's amended petition. Thus, the testimony of the witness was automatically excluded and it was error for the trial court to allow the testimony. TEX. R.CIV.P. 215(5); *Morrow v. H.E.B.,* 714 S.W.2d at 297–98. Inasmuch as the testimony was not harmless, the error requires reversal. TEX.R.APP.P. 81(b).

 The State argues that, for juvenile dispositions, the "complaining witness" should be considered in the same category as a "party" as that term is used in *Smith v. Southwest Feed Yards,* 835 S.W.2d at 91–92. In that event, the State contends that good cause can be established to excuse the failure to disclose the name of the witness. However, the Family Code supplies a definition of "party" and it does not include complainants: "party" means "the state, a child who is the subject of proceedings under this subtitle, or the child's parent, spouse, guardian, or guardian ad litem." TEX.FAM.CODE ANN. § 51.02(10) (Vernon 1986). Common sense suggests that situations might arise where a complainant would also be a party-witness; however, under the facts in this case the complainant can only be viewed as a nonparty witness. We decline the State's invitation to expand the holding in *Smith* to include complainants in juvenile cases as "parties" for the purpose of showing good cause to allow the testimony of undisclosed fact witnesses.

We recognize there are inherent problems in treating juvenile cases as "quasi-criminal" in nature. One of the problems is painfully demonstrated in this case in the application of the automatic sanctions provisions of the civil discovery rules. But the legislature has made it clear that the Texas Rules of Civil Procedure are to apply in juvenile cases, TEX.FAM.CODE ANN. § 51.17 (Vernon 1986), and, until that changes, we are bound to follow the law as established.

Point of error number two is sustained. Because this point of error is dispositive, we do not reach appellant's third point of error.

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings.