**In the Matter of C.W.C., Appellant.**

No. 01–95–00179–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 22, 1996.

Rehearing Overruled April 4, 1996.

Marc Isenberg, Houston, for appellant.

Johnny Holmes, Rikke Graber, Houston, for appellee.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

Appellant, C.W.C., appeals from the juvenile court's order waiving jurisdiction whereby the case was transferred to criminal district court so appellant may be tried as an adult. This case involves the applicability of civil discovery sanctions to a juvenile court's waiver of jurisdiction proceeding. We affirm.

### Facts

Appellant, along with three other suspects, was charged with engaging in delinquent conduct, *i.e.,* the capital murder of Nowell Fulson and the aggravated robbery of Jerry Peacock. At the request of the State, the case was set for a certification hearing to transfer the case to criminal district court.

Prior to the transfer hearing, appellant served the State with written interrogatories requesting the names, addresses and telephone numbers of any persons having knowledge of facts relevant to the subject matter of the suit. The State did not respond to or object to the discovery requests filed in anticipation of the transfer hearing. As a result, appellant filed a motion for sanctions requesting, *inter alia,* the exclusion of witnesses and testimony.

At the motion for sanctions hearing conducted October 11, 1994, appellant asserted that the Texas Rules of Civil Procedure govern juvenile proceedings. Specifically, appellant relied on TEX.R.CIV.P. 168, which requires opposing counsel to object or properly answer propounded interrogatories. Because the State had neither answered nor objected to the requests, appellant asserted that appropriate sanctions were in order.

The State countered by declaring that the Rules of Civil Procedure do not control juvenile hearings regarding jurisdictional matters. Citing TEX.FAM.CODE ANN. § 54.02(e) (Vernon 1986), it was the State's position that it had properly adhered to all requirements by providing appellant with access to all written matter to be considered by the court. Alternatively, the State argued that its "open file policy," allowing access to all information it possessed, fulfilled any responsibility to answer interrogatories in a certification hearing.

The trial court denied appellant's motion, declaring that the State does not have to answer interrogatories prior to a certification hearing, reasoning that this provision only applies in "plain petitions" or "determinate sentencings."

At the opening of the transfer hearing on December 1, 1994, appellant reurged his motion to exclude the testimony of the State's witnesses due to the State's failure to respond to discovery requests. The trial court overruled the objection, but allowed appellant a running objection to evidence presented by the State. The trial court then allowed the State to call several witnesses and give testimony regarding appellant's involvement in the murder of Fulson and the robbery of Peacock. At the conclusion of the proceedings, the trial court waived its jurisdiction, thereby transferring the case to criminal district court.

### Discovery Violation

In his first point of error, appellant complains that the trial court abused its discretion in allowing the State's witnesses to testify notwithstanding the lack of response to interrogatories requesting the identity of such persons. In his second point of error, appellant asserts that the failure to sustain

his motion for sanctions deprived appellant of discovery, thus violating his due process rights.

Section 51.17 of the Texas Family Code provides that, except when in conflict with a provision of Title three of the Texas Family Code, the Texas Rules of Civil Procedure govern proceedings under this title. TEX. FAM.CODE ANN. § 51.17 (Vernon 1986).[1] Section 54.02(e) of the Family Code states:

> At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision.

TEX.FAM.CODE ANN. § 54.02(e) (Vernon 1986).

Appellant argues that there is no conflict between sections 51.17 and 54.02(e); thus, the Rules of Civil Procedure apply, specifically rule 215(5). TEX.R.CIV.P. 215(5) provides that a party who fails to respond to a discovery request shall not be entitled to present evidence or offer the testimony of witnesses, unless the trial court finds the existence of good cause to require admission. Appellant claims that the trial court abused its discretion in allowing the testimony of witnesses not listed in the unanswered interrogatories.

In contrast, the State argues that the Rules of Civil Procedure do not apply with the same vigor in juvenile cases as in civil cases, and there could not have been surprise or prejudice due to the State's "open file" policy. Alternatively, the State declares that even if rule 215(5) is strictly adhered to, the open file policy constituted good cause for not answering appellant's discovery requests.

## A. Applicability of Civil Discovery Rules to Juvenile Transfer Proceedings

Texas cases have not strictly applied the rules of civil discovery in juvenile transfer proceedings. Some rules of civil discovery are in obvious conflict with applicable juvenile statutes. For example, TEX.R.CIV.P. 166b provides for discovery of reports of experts as part of the ordinary discovery process, while section 54.02(e) of the Family Code directs the trial court to provide the attorney representing the child access to such reports only "at least one day prior to the transfer proceeding." TEX.FAM.CODE ANN. § 54.02(e) (Vernon 1986).

Other rules have simply not been strictly applied, particularly in the absence of prejudice to the child. In *T.P.S. v. State*, 590 S.W.2d 946 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), the child complained that the transferring court acted arbitrarily in quashing his notice to take the deposition of an investigation officer who later testified for the State. *Id.* at 954. The Dallas Court of Appeals recognized section 51.17 of the Family Code, but refused to apply this provision as it pertains to the Rules of Civil Procedure. *Id.* The court stated that "it is doubtful whether all the discovery procedures available under the rules are applicable." *Id.* In conclusion, the court opined that appellant failed to demonstrate how he was surprised or prejudiced by the sergeant's testimony; thus, no reversible error was present. *Id.*

In *P.G. v. State*, the court held it is not mandatory that a service of summons in a juvenile case be made pursuant to TEX. R.CIV.P. 103. 616 S.W.2d 635, 638 (Tex.Civ. App.—San Antonio 1981, writ ref'd n.r.e.). The court noted, "that the Rules of Civil Procedure apply to juvenile cases as far as practicable." *Id.* at 637; *see also J.R.W. v. State*, 879 S.W.2d 254, 256 (Tex.App.—Dallas 1994, no writ).

During oral argument, appellant presented *In the Matter of R.H.*, 905 S.W.2d 726 (Tex. App.—San Antonio 1995, no writ), a case involving an adjudication of delinquent conduct. In *R.H.*, the court reversed the trial court for allowing the complaining witness to

---

1. At oral argument, counsel for appellant called attention to the recent amendment of section 51.17, which took effect January 1, 1996. Amended section 51.17(b) provides:

Discovery in a proceeding under this title is governed by the Code of Criminal Procedure and case decisions in criminal cases.
Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 14, 1995 Tex.Gen.Laws 2524.

testify without having been disclosed in response to discovery requests. *Id.* at 729. The only good cause submitted by the State was that the witness was listed as a complainant in the State's amended petition. The court rejected the State's argument that the complainant in a juvenile case is a party-witness so as to constitute good cause under *Smith v. Southwest Feed Yards,* 835 S.W.2d 89, 91–92 (Tex.1992) (showing good cause where witness, although not listed in interrogatories, was party to suit, party's identity was easily ascertainable, and party's knowledge of relevant facts had been communicated to other party at least 30 days before trial). *Id.*

The case of *In the Matter of R.H.* did not hold that civil rules of discovery apply in a juvenile court's waiver of jurisdiction proceeding. As pointed out above, *R.H.* involved an adjudication of delinquency proceeding, not a non-adjudicative transfer of jurisdiction proceeding.

The trial court here recognized the difference between adjudicative and non-adjudicative proceedings by stating that the rules of civil discovery would apply to "plain petitions" or "determinate sentencings," both adjudicative juvenile proceedings, but held the civil discovery rules did not apply to the non-adjudicative transfer proceedings in this case.[2]

## B. Purpose of the Civil Discovery Rules

Appellant's brief set out the salutary purposes of rule 215(5) as the promotion of responsible assessment of settlement and prevention of trial by ambush. During oral argument, appellant conceded that the former purpose is not normally a consideration for juvenile transfer proceedings. In regard to trial by ambush, it is difficult to see how an open file policy would not, as a general rule, be sufficient to prevent it.

Initially, we observe that civil discovery was designed to be used as a shield to defend against trial by ambush, not as a sword to decimate an opponent's case. It is also im-

portant to keep in mind the stark differences between ordinary civil proceedings and juvenile transfer proceedings. First, ordinary civil proceedings are adjudicative, while juvenile transfer proceedings are not. This is one of the reasons that the rules of evidence are relaxed in juvenile transfer proceedings. *See L.M.C. v. State,* 861 S.W.2d 541, 542 (Tex.App.—Houston [14th Dist.] 1993, no writ). Second, we are aware of no open file policy by plaintiffs in civil proceedings, while there was such a policy in this case.

## C. Trial Court's Ruling Here

Counsel for appellant admitted to the trial court that he was afforded opportunity to review the file and did so. Even from the date the motion for sanctions was denied on October 11, 1994, until the commencement of the transfer hearing on December 1, 1994, counsel for appellant had 50 days to determine any witnesses whom the State could possibly call.

■ Appellant claimed during oral argument that an open file policy is no substitute for the State answering interrogatories asking for those witnesses with relevant evidence. Appellant asserted possible scenarios where the State's open file might be voluminous, presenting great difficulty in ferreting out relevant witnesses. Appellant also spoke of the hardship of having to go to the District Attorney's Office and make notes from the State's files. We are not persuaded by appellant's arguments.

Nothing in the record shows that the State's file in this case was voluminous or that counsel for appellant had any difficulty determining the relevant witnesses. In appellant's hypothetical case where there were such a problem, however, it could be taken into consideration during the trial court's determination of whether the open file policy constituted good cause for not answering interrogatories.

■ In regard to the alleged hardship of having to go to the District Attorney's Office,

---

**2.** It is not necessary to address the basis of the trial court's holding, that the rules of civil discovery do not apply to juvenile transfer proceedings. Instead, we address the broader issue of whether

it was an abuse of discretion for the trial court to have denied appellant's motion for sanctions and allowed the State's witnesses to testify.

we can take judicial notice that said office building is immediately adjacent to the Family Courthouse in which the juvenile courts are housed in Harris County. We also find it hard to believe that a conscientious attorney would not take advantage of an open file policy in the quest of providing effective assistance of counsel, even if it involved such alleged hardships as going to the District Attorney's Office and manually taking notes from the prosecutor's file.

The dissenting opinion raises a concern about lack of controls on the State's "open file," the contents of which can be altered at will. If a problem arose due to altered files, it could also be taken into consideration in the trial court's determination of good cause. For example, if the State called a witness who had not been listed in the State's open file, such a witness could be excluded for lack of good cause in producing requested discovery.

The dissenting opinion relies upon the recent decision handed down by the Court of Criminal Appeals in *Buchanan v. State,* 911 S.W.2d 11 (Tex.Crim.App.1995). The court held that an open file policy is no substitute for notice of intent to use extraneous evidence of other crimes, wrongs or acts in the State's case in chief when properly requested pursuant to TEX.R.CRIM.EVID. 404(b). We note that rule 404(b) has no exception for good cause as does civil rule 215(5). Furthermore, a criminal case is adjudicative in nature. For these reasons, we do not find *Buchanan* to be applicable to either civil discovery rules or juvenile transfer proceedings.

Finally, we note that the State's open file policy is a policy which ought to be encouraged. For the State to allow its files to be open to the examination of defense counsel so that the defense has the same opportunity as the prosecutor to contact witnesses and discover the strength or weakness of the evidence supporting the State's allegations is an admirable policy consistent with the highest ideals of open, honest government.

Nothing in the record shows that the open file policy was not an adequate vehicle in this case for avoiding trial by ambush. Where appellant appears to be using civil discovery sanctions in this case as a sword, rather than a shield, it is appropriate to examine whether any actual prejudice was suffered. Indeed, that is the approach taken by established precedent. *See T.P.S. v. State,* 590 S.W.2d at 954. Consequently, we consider it to be particularly significant that appellant does not contend that he was surprised or that any undisclosed witness gave evidence against him.

Contrary to the dissenting opinion, we are not holding that the civil rules of discovery do not apply to juvenile transfer proceedings. Rather we assume, *arguendo,* that rule 215(5) applies to transfer proceedings, and we hold that *in this case,* the open file policy constituted good cause for not responding to interrogatories. Therefore, the trial court did not abuse its discretion by allowing the State's witnesses to testify.

Accordingly, we overrule appellant's two points of error and affirm the trial court's judgment.

O'CONNOR, J., motioned the Court for en banc review.

HUTSON–DUNN, O'CONNOR and ANDELL, JJ., voted for en banc review.

COHEN, MIRABAL, WILSON, HEDGES and TAFT, JJ., voted against en banc review.

O'CONNOR, Justice, dissents from denial of En Banc Review.

I dissent from the panel's resolution of point of error one. The Texas Rules Civil of Procedure regarding discovery apply to juvenile court proceedings. *In re R.H.,* 905 S.W.2d 726 (Tex.App.—San Antonio 1995, no writ). I believe the discovery rules apply in adjudication as well as transfer proceedings.

The panel opinion admits the civil discovery rules apply in juvenile proceedings, but finds good cause to excuse the application of sanctions for failure to abide by the rules. The panel even admits that the purpose of the civil discovery rules is to prevent trial by ambush. The panel opinion dismisses trial by ambush as a concern in juvenile cases because the appellant had access to the

State's file. The panel opinion states "as a general rule, [the open file policy is] sufficient to prevent [trial by ambush]."

In civil cases, if properly requested by interrogatories, a party is entitled to receive a written, verified list of the witnesses who have knowledge of relevant facts. When properly requested, a party can rely on proper and timely disclosure, and if no disclosure is made, the party can count on the court excluding the witness from trial. The only exception to this rule of exclusion is for the party who did not comply with discovery to show "good cause" for failure to provide the information. In other civil cases, we do not engage in the analysis the panel undertakes here—we do not examine the record to determine if the complaining party knew about the witness.[1]

The "open file" policy is not a substitute for discovery. There are no controls on the "open file." In the criminal courts, the defendant is not entitled to a copy of the file; the defendant is only entitled to examine the file and take notes. The State can add to or subtract from the file after the defendant sees it. To ensure that it knows what information is in the file, the defendant would have to make daily or weekly trips to the district attorney's office just to check the file.

By requiring written responses to discovery according to the Texas Rules of Civil Procedure, the juvenile would receive actual copies of whatever materials the juvenile is entitled. When the juvenile requests the names of witnesses, the State would be required to write down the list of witnesses, verify the list by affidavit, give them to the juvenile, and file a copy with the court. If the State located additional witnesses, the State would have the burden to supplement its discovery responses.

The panel opinion dismisses all of these concerns.

Appellant argues .... that an open file policy is no substitute for answering interrogatories asking for those witnesses with relevant evidence. Appellant asserted possible scenarios where the State's open file might be voluminous presenting great difficulty in ferreting out relevant witnesses. Appellant also spoke of the hardship of having to go to the District Attorney's Office and make notes from the State's files. We are not persuaded by appellant's arguments.

What is most telling about the panel's analysis, the panel states that, "Nothing in the record shows that the open file policy was not an adequate vehicle in this case for avoiding trial by ambush." The panel misplaces the burden. When there is an exception to the application of the rule, it is the party asking for the exception who must show the grounds for the exception. Here, the State did not show the open file policy was adequate.

The panel opinion holds that the open file policy is sufficient to show "good cause" for not answering the interrogatories. The State did not file objections to the discovery request; the State simply refused to respond to the requests. At the hearing on the motion to exclude, the assistant district attorney stated: "[I]t's the position of the State, and we feel quite adamant about it, that the Rules of Civil Procedure, as regards to discovery, do not apply to transfer hearings." The assistant argued that the civil discovery rules conflict with Tex.Fam.Code § 54.02(e).

The panel opinion holds that section 54.02(e) is in conflict with the rules of discovery because it requires the State to provide defense counsel with access to all written matter to be considered by the court "only" one day before the transfer decision. That is not what section 54.02(e) provides. Section 54.02(e) provides that the information must be provided to the juvenile "at least one day" before the transfer proceeding. Section 54.02(e) does not include the word "only." There is no conflict. Even when the juvenile does not make a request for information, the State is required to provide the information

---

1. The only exception the Supreme Court has created is for a party who is not listed. *Smith v. Southwest Feed Yards*, 835 S.W.2d 89 (Tex.1992). Yet, even for a party, it is not automatic. In *Smith*, the Supreme Court said that before a party who was not identified as a person with knowledge of the facts may testify, the record must show (1) the identity of the party-witness was certain and (2) the party's knowledge of relevant facts was communicated to the other party through pleadings and other response to discovery at least 30 days before trial. *Id.* at 97.

"at least one day" before the transfer proceeding. That does not exclude the possibility that the juvenile may request the information through ·discovery and be entitled to receive it before that deadline.

There is no support even under criminal law for the panel to hold the open file policy is a substitute for discovery. The Court of Criminal Appeals recently addressed the district attorney's "open file" policy as it relates to a request under TEX.R.CRIM.EVID. 404(b). In *Buchanan v. State*, 911 S.W.2d 11 (Tex. Crim.App.1995), the Court held that a request for notice of the State's intent to use extraneous evidence of other crimes, wrongs, or acts was not satisfied by the State's open file policy. The Court said:

> We cannot conclude that the mere opening of its file containing an offense report detailing the extraneous evidence satisfies the requirement of giving notice "of intent to introduce" such evidence.

This appellant is facing the charge of capital murder. There is no reason that in a case as serious as this, we should dilute the governing rules of procedure.[2]

Joined by HUTSON–DUNN, and ANDELL, JJ.

2. I recognize that the legislature changed discovery in juvenile cases in the 1995 session. *See* panel opinion, op. p. 389 n. 1. That provision was not in effect at the time of this case and is not in effect at the time of this opinion. We should follow the law as it is presently written.